IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY JOSEPH SMITHE FOREIGN
GRANTORS TRUST & MARY ASTOR
SMITHE FOREIGN GRANTORS
TRUST,

      Plaintiffs,

v.

DIRECTOR OF ILLINOIS
DEPARTMENT OF PUBLIC HEALTH,
et al.,

      Defendants.

Case No. 25-1072-DDC-GEB

## ORDER TO SHOW CAUSE

**TO PLAINTIFFS:**

Timothy Joseph and Mary Astor Smithe assert claims on behalf of two foreign grantors trusts: The Timothy Joseph Smithe Foreign Grantors Trust and the Mary Astor Smithe Foreign Grantors Trust. *See* Doc. 1 at 1–2 (Compl.).[1] The claims are somewhat difficult to discern, but they appear to allege 30 defendants fraudulently used Timothy and Mary's social security numbers to steal their identities and "labor"—valued (by the Smithes) at $375 million. Doc. 5 at 2, 5 (Motion for Temporary Restraining Order). The 30 defendants include state and federal agencies and officers, as well as private financial institutions. *See* Doc. 1 at 1 (Compl.). And defendants' fraud, identity theft, and trespass allegedly spanned the last 47 years. Doc. 5 at 2.

---

[1]     Plaintiffs state the trusts are "irrevocable foreign grantor trust[s.]" Doc. 1 at 2 (Compl.). They request "SSN-free trust certificates" as part of their relief. *Id.* at 4 (Compl. ¶ 6).

An individual may "conduct their own case[] personally" in federal court. 28 U.S.C. § 1654. But an artificial entity may appear in federal court solely through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). Trusts are "artificial entities that exist independently of their trustees." *In re Wilson*, 860 F. App'x 147, 150 (10th Cir. 2021) (citing *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176 (10th Cir. 2015), *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016)). The trusts here appear without counsel, acting through the Smithes. But the Smithes can't represent the trusts' interests in federal court—a licensed attorney must do so. *See id.* ("Because Mr. Wilson lacks the authority to practice law, he cannot represent the interests of a separate entity like the trust itself."); *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (dismissing appeal because pro se individual sought to represent the trust, not his own interests); *DeWilde v. Att'y Gen.*, No. 23-8054, 2024 WL 1550708, at *2 (10th Cir. Apr. 10, 2024) ("[Trustee] is not the trust, and as a non-licensed pro se party, he cannot prosecute his case on behalf of the trust[.]").

The court orders plaintiffs to show cause—through appearance of counsel admitted to practice in our court—why the court should not dismiss this case within 30 days of this Order. The court won't evaluate or rule plaintiffs' Motion for Temporary Restraining Order (Doc. 4) without admitted counsel to represent the trusts. If counsel for the plaintiff trusts fails to enter an appearance by June 6, 2025, the court will dismiss plaintiffs' Complaint. *See Hartnett v. Farm Serv. Agency, U.S. Dep't of Agric.*, No. 18-CV-01045-EFM-GEB, 2018 WL 2971692, at *3–4 (D. Kan. June 12, 2018) (dismissing case brought by trust's fiduciary trustee because trustee—as non-attorney—couldn't represent trust); *Mitchelle Art 89 Tr. v. Astor Alt, LLC*, No. 15-cv-00463-WSD, 2015 WL 4394887, at *2 (N.D. Ga. July 15, 2015) (dismissing action after plaintiff—a

trust—failed to follow court order to appear by counsel); *Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 810 (11th Cir. 2015) (affirming district court's dismissal after plaintiff ignored orders that his wife's estate and class-action claims required legal counsel and separate filing).

**IT IS SO ORDERED.**

**Dated this 7th day of May, 2025, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**