IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIMOTHY JOSEPH SMITHE FOREIGN GRANTORS TRUST & MARY ASTOR SMITHE FOREIGN GRANTORS TRUST,**<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**DIRECTOR OF ILLINOIS DEPARTMENT OF PUBLIC HEALTH,** et al.,<br><br>　　　　　Defendants. | Case No. 25-1072-DDC-GEB |

**MEMORANDUM AND ORDER**

　　　　Before the court is Timothy Joseph and Mary Astor Smithe's Motion for a Temporary Restraining Order (Doc. 35). This is the second such motion in this case. *See* Doc. 4; Doc. 35. As the caption stands, the Smithes aren't plaintiffs—two trusts are. Specifically, the Timothy Joseph Smithe Foreign Grantors Trust and Mary Astor Smithe Foreign Grantors Trust sued 30 defendants.[1] As explained below, the caption could change soon if the Smithes are granted leave to amend the Complaint. But, expeditiously reviewing the latest TRO motion, the court

---

[1]　　　　The 30 defendants are listed as the Director of the Illinois Department of Public Health, Illinois Secretary of State, Commissioner of the Social Security Administration, Commissioner of the Internal Revenue Service, United States Attorney, United States Attorney General, Illinois Attorney General, Kansas Secretary of State, Kansas Attorney General, Secretary of the Department of Health and Human Services, Department of Homeland Security, Postmaster General, Office of Federal Student Aid, American Express, CitiMortgage NA, CitiBank Home Equity, U.S. Bank, Lake Mortgage, Ocwen Financial Corp., TriState Capital Bank, First Bank and Trust of Evanston, Wintrust Financial Corp., First Midwest Bank, Fidelity Investments, H&R Block, Bank of America, Wells Fargo, Chase, Capital One, and Discover Financial.

concludes the Smithes—even if added as plaintiffs—haven't satisfied the standard for a temporary restraining order. So, the court denies the Smithes' motion (Doc. 35). This Order doesn't opine on the Smithes' Motion for Leave to Amend (Doc. 33) or the trusts' Motion for a Temporary Restraining Order (Doc. 4).

Because the Smithes appear pro se, the court construes their filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of the Smithes' advocate. *Id.* And the Smithes still must comply with procedural rules. *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). The court also can't "construct a legal theory on [the Smithes'] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

Below, the court first addresses the factual and procedural background and then explains its ruling on the latest TRO.

**I.      Background**

*Operative Complaint*

The plaintiff trusts—proceeding pro se—filed their Complaint (Doc. 1) and first Motion for Temporary Restraining Order (Doc. 4) in late April. *See generally* Doc. 1; Doc. 4. The plaintiff trusts allege defendants—government agencies, public officials, and private financial institutions—stole their "labor" through "fraud, identity theft, and trespass" over 47 years. Doc. 1 at 2. Claiming to "reject[] property taxes and eminent domain as fraudulent burdens on [their] dominion[,]" the trusts allege utility service cut-offs, loan foreclosures, job losses, and IRS liens. *Id.* at 2–4. Ultimately, the trusts seek $2.5 million in equitable relief to acquire an estate. *Id.* at 4. Plaintiffs ask the court to issue trust certificates, cancel an $800,000 lien, and grant "relief

from property taxes and eminent domain[.]" *Id.* The first TRO motion provided additional explanation about the trusts' purported entitlement to emergency relief. *See generally* Doc. 5.

### Order to Show Cause, Motion for Leave to Amend, and Second TRO Motion

Shortly after receiving the trusts' TRO motion, the court directed the trusts to show cause why the court should not dismiss the Complaint. Doc. 9 at 2–3. The plaintiff trusts had appeared without counsel admitted to our bar—an approach that doesn't pass muster in federal court. *Id.* at 2; *see, e.g.*, *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (dismissing appeal because pro se individual sought to represent the trust, not his own interests). The court gave plaintiffs 30 days to find counsel. Doc. 9 at 2.

Responding to the court's Order, the Smithes explained their confusion about filing suit through the trusts and emphasized they would remove "the trusts entirely, proceeding as individuals[.]" Doc. 34 at 2. Coupled with this response, the Smithes filed a Motion for Leave to Amend the Complaint (Doc. 33) to assert their individual interests and add two new defendants. *See generally* Doc. 33. The Motion for Leave to Amend remains pending before Magistrate Judge Birzer. The Smithes also filed another TRO motion (Doc. 35). They seek to enjoin defendants "from using [their] SSNs, birth certificate and naturalization certificate data, or names in any order, . . . due to fraud and theft of labor worth $2 billion in unlimited credit over 47 years[.]" Doc. 35 at 1.

The court addresses just the Smithes' latest TRO motion, below. The Smithes aren't plaintiffs currently. But recognizing the emergency nature of temporary relief and the unique circumstances of this case—namely, the number of defendants—the court now reviews and decides the Smithes' motion. *See Cherokee Nation v. Nash*, No. 11-CV-648-TCK-TLW, 2013 WL 3071290, at *1, *1 n.2 (N.D. Okla. June 18, 2013) (ruling non-party's TRO motion—

assuming he would secure intervenor status at later time—because of time constraints before full briefing on motion to intervene). So, even if Magistrate Judge Birzer granted leave to amend the Complaint and allowed the Smithes to assert their individual rights, the court would deny the TRO motion. The court begins with the legal standard for temporary restraining orders.

**II.     Motion for Temporary Restraining Order (Doc. 35)**

A party seeking a TRO must show: (1) that it is substantially likely to succeed on the merits; (2) that it will suffer irreparable injury if the court denies the requested relief; (3) that its threatened injury without the restraining order outweighs the opposing party's injury under the restraining order; and (4) that the requested relief is not adverse to the public interest. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019).

Preliminary relief—whether as a TRO or a preliminary injunction—"is an extraordinary remedy, the exception rather than the rule." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (quotation cleaned up) (preliminary injunction); *see also Heavy Petrol. Partners, LLC v. Atkins*, No. 09-1077-EFM-KMH, 2010 WL 11565423, at *2 (D. Kan. May 25, 2010) ("A temporary restraining order is an extraordinary remedy that is an exception rather than the rule, and courts do not grant it as a matter of right."). The decision whether to issue "a temporary restraining order or other preliminary injunctive relief is within the sound discretion of the district court." *Sac & Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 906 (D. Kan. 1995).

A plaintiff must make a "clear and unequivocal showing" on all four requirements for preliminary relief. *Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021) (quotation cleaned up). And, in our Circuit, when "the failure to satisfy one factor is dispositive, a court need not consider the other factors" for preliminary relief. *See id.* at 890 (declining to

4

consider the remaining factors where plaintiffs failed to show irreparable harm). At the preliminary relief stage, the court "need only accept as true plaintiff[s'] 'well-pleaded factual contentions, not [their] conclusory allegations.'" *Strope v. McKune*, No. 03-3310-JAR, 2006 WL 83115, at *1 (D. Kan. Jan. 4, 2006) (quoting *Hall*, 935 F.2d at 1110 and applying the rule on preliminary injunction motion).

The Smithes' latest TRO motion—premised on the proposed amended complaint—is one paragraph.[2] Doc. 35 at 1. It addresses none of the requirements for securing a preliminary injunction. *Id.* It doesn't allege any facts. *Id.* And it doesn't incorporate by reference any facts, documents, or briefs. *Id.* Even if the court looked to the Smithes' proposed amended complaint for additional facts, that document asserts claims for fraud, identity fraud, and breach of fiduciary duty. Doc. 33-1 at 4–6. And it supports those claims with largely conclusory allegations of fraud, "labor theft," misuse of data, and mismanagement of trust funds. *Id.* at 2, 4, 8. The Smithes allege defendants created "'twin' synthetic identities" using the Smithes' social security numbers and birth or naturalization certificates, and then used those identities to open accounts. *Id.* at 4.

The TRO motion and the proposed amended complaint do little to suggest plaintiffs likely would succeed on the merits of a fraud, identity fraud, or breach of fiduciary duty claim. The Smithes simply conclude defendants (writ large) used their personal information without

---

[2] The proposed amended complaint is not the operative complaint. The Motion for Leave to Amend (Doc. 33) remains pending before the magistrate judge. But the Smithes may seek personal relief in this case only if they are parties. *See Ceva Animal Health, LLC v. Mustang Fliers, Inc.*, No. 24-2130-EFM, 2024 WL 3400245, at *2 (D. Kan. July 12, 2024) ("[I]t is procedurally improper for non-parties to file motions if they have not successfully intervened.").

The proposed amended complaint would substitute the Smithes for the plaintiff trusts. *See* Doc. 34 at 2 (response to show cause Order explaining Smithes filed Amended Complaint to remove the trusts as plaintiffs); *see also generally* Doc. 33. So, the court evaluates the contents of the proposed amended complaint in ruling the Smithes' TRO motion.

consent. They never specify what accounts allegedly were opened and which defendants allegedly opened them. The Smithes also haven't shown they will suffer irreparable injury before the court could hear defendants in opposition. And the motion and proposed amended complaint don't address the balance of equities factor or the public interest in granting the Smithes such extraordinary relief.

Simply put, the Smithes have done nothing to shoulder their burden to make a "clear and unequivocal showing" of each TRO factor. *U.S. Env't Prot. Agency*, 989 F.3d at 883. Preliminary relief thus isn't warranted. *Dunlap v. Nielsen*, No. 16-cv-2400-JAR-TJJ, 2016 WL 11200091, *1 (D. Kan. June 10, 2016) (denying TRO motion because motion and verified complaint fail "to allege specific facts that show [plaintiff] will suffer immediate and irreparable injury if the Court declines to issue a temporary restraining order before Defendants can be heard in opposition").

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Smithes' Motion for Temporary Restraining Order (Doc. 35) is denied.

**IT IS SO ORDERED.**

**Dated this 22nd day of May, 2025, at Kansas City, Kansas.**

                                                   **s/ Daniel D. Crabtree**
                                                   **Daniel D. Crabtree**
                                                   **United States District Judge**