IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY JOSEPH SMITHE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTOR, ILLINOIS DEPARTMENT OF PUBLIC HEALTH, et al.,<br><br>Defendants. | Case No. 6:25-cv-01072-DDC-GEB |

**DEFENDANT HRB TAX GROUP, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant HRB Tax Group, Inc. ("H&R Block"), by and through its undersigned counsel of record, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), submits its memorandum in support of its Motion to Dismiss Plaintiffs' Amended Complaint.

I.   INTRODUCTION

Plaintiffs Timothy Joseph Smithe and Mary Astor Smithe ("Plaintiffs"), claiming to be "co-heirs with Christ", have filed suit against 32 defendants, including a number of state and federal government agencies and a handful of private financial institutions. Plaintiffs' claims are constantly shifting and difficult to decipher, but they presently appear to assert vague allegations of fraud, identity theft, involuntary servitude, tortious trespass, and unjust enrichment—scattered with pseudo-legal arguments and religious rhetoric. The claims themselves lack any factual or legal foundation and rely entirely on biblical passage to advance unfounded and conclusory assertions.

Plaintiffs' claims are patently insubstantial and warrant dismissal under Rule 12(b) for lack of subject matter jurisdiction, as they do not present a justiciable federal controversy. Even if subject matter jurisdiction existed, dismissal under Rule 12(b)(6) is warranted because Plaintiffs allege no plausible claim for relief against H&R Block and fail to identify conduct linking H&R Block to any alleged wrongdoing. Finally, to the extent Plaintiffs allege fraudulent conduct by H&R Block, those claims fail to satisfy the heightened pleading requirements of Rule 9(b), which mandates that fraud be pled with particularity.

## II.     LEGAL STANDARDS

### A.     *Pro Se* Litigants

"[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991)). In this respect, the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Id*. At 1110. See Whayne v. State of Kan., 980 F.Supp. 387, 393 (D. Kan. 1997).

However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Whayne*, 980 F.Supp. at 393. Pro se plaintiffs are required to comply with the Federal Rules of Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Neilsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties

'follow the same rules of procedure that govern other litigants.'") (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1991); *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded to pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). And the court cannot "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

B.  **Motion to Dismiss Standard**

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012).

1.  **Fed. R. Civ. P. 12(b)(1)**

Federal courts are courts of limited jurisdiction. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). To be certain, "[f]ederal subject matter jurisdiction is elemental . . . and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir.2012). "Indeed, '[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Supreme Court has held that subject-matter jurisdiction is a threshold issue that must be resolved before addressing the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This rule is "inflexible and without exception." *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003).

"Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship." *Farr v. United States Government*, No. 22-2476-DDC-GEB, 2023 WL 4286115, at *3 (D. Kan. June 30, 2023). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lack." *Id*; *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen*, 511 U.S. at 377. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' [] a 'flesh-and-blood human being,"—or 'co-heirs with Christ'—"that person is not beyond the jurisdiction of the courts." *U.S. v. Palmer*, 669 F.App'x 836. 838 (10th Cir. 2017) (quoting *U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Lawsuits premised on the belief that individuals have an inherent right to self-governance free from compliance with United States law have no conceivable validity and should be summarily rejected, regardless of how the argument is styled. *See Id.*

### 2. Fed. R. Civ. P. 12(b)(6)

Whereas a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, a motion under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Compare* Fed. R. Civ. P. 12(b)(1), *with* Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must comply with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has made clear that to survive a Rule 12(b)(6) motion to dismiss, a complaint must include sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Id*.

The Supreme Court has explained two principles underlying this standard: (1) when legal conclusions are involved in the complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions, *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," *Id*. At 679. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555). Therefore, district courts will "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable" when examining a complaint under Rule 12(b)(6). *Khalik*, 671 F.3d at 1191. As the Tenth Circuit has explained, a complaint must do more than suggest a mere metaphysical possibility that a plaintiff could prove some set of facts; rather, it must give the court a reason to believe that this particular plaintiff has a reasonable likelihood of producing factual support for the asserted claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

### III.     ARGUMENTS

**A.     Plaintiffs' scripture-based claims do not invoke federal subject-matter jurisdiction and must be dismissed under Rule 12(b)(1).**

Plaintiffs' scripture-based claims against the Defendants are so insubstantial and implausible that the Court lacks subject matter jurisdiction to consider them. This Court has recognized that "[c]laims presenting bizarre conspiracy theories or describing fantastic government manipulation example matters which may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction." *Farr*, 2023 WL 4286115, at *6 (D. Kan. June 30, 2023) (dismissing claims based on "a vast conspiracy" against several government agencies and a private citizen who allegedly conspired against the plaintiff to stifle her United States Senate campaign by, among

5

other things, giving her family members Covid using directed energy weapons); *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *3 (D. Kan. Apr. 2, 2010), aff'd, 391 F.App'x 745 (10th Cir. 2010) (dismissing claims based on allegations that "President George W. Bush and the Department of Homeland Security . . . authorized Wichita area hospitals . . . to use a 'steroid cocktail' to try and cause death" to the plaintiff and others); *Tarshik v. Kansas*, No. 08-4058-SAC, 2008 WL 4489789, at *1 to *7 (D. Kan. Sept. 30, 2008) (plaintiff's claims that he had "been the target of an unknown, unidentified organized crime syndicate which ... attacked him with mind-bugging agents" were so "baseless and utterly lacking in merit" that court lacked federal subject-matter jurisdiction).

In *Farr v. United States*, this Court dismissed a pro se plaintiff's claims "that the government planted a woman to break up [the plaintiff's] relationship, then procured a state court restraining order against her all as part of a plan to thwart her campaign to become a United States Senator" because such claims were implausible and frivolous, and thus, failed to state a plausible claim for relief. *Farr*, 2023 WL 4286115, at *6 (referring to *Farr v. Curry*, No. 2022 WL 17819560, 2022 WL 17819560 at *6). In *Frank v. Bush*, this Court dismissed a pro se plaintiff's claim that President Geroge W. Bush and other federal defendants intended to harm the plaintiff and his wife, finding that the allegations were not only implausible but also insubstantial and frivolous. *Frank*, 2010 WL 1408405, at *5. In *Tarshik*, this Court found that a plaintiff's allegations that various defendants aided and abetted violations of his civil rights to residence and property ownership were "insubstantial in a jurisdictional sense" and dismissed the complaint in its entirety. *Tarshik*, 2008 WL 4489789, at *7.

Here, like In *Farr*, *Frank*, and *Tarshik*, Plaintiffs claims are wholly implausible and frivolous, and thus fail to state a claim for relief. In this case, Plaintiffs filed suit against 32 defendants claiming "fraud, identity theft, involuntary servitude, tortious trespass, and unjust enrichment." The Amended Complaint is comprised almost entirely of conclusory assertions, biblical references, and sovereign citizen-style rhetoric, lacking any coherent allegations of actionable conduct. References to "Christian names," the "Christ's intellectual property" and "synthetic persons" do not establish standing, nor do generalized invocations of diversity jurisdiction or the Thirteenth Amendment. Like in *Farr*, *Frank*, and *Tarshik*, Plaintiffs claims are baseless, meritless, and lack even the most minimal assertions required to establish jurisdiction in federal court.

      **B.**      **Plaintiffs' claims fail to state a claim that is plausible on their face and must be dismissed under Rule 12(b)(6).**

In any pleading that sets forth a claim for relief, a party must provide: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." *Huggins v. Hilton*, 180 F.App'x 814, 816 (10th Cir. 2006); Fed. R. Civ. P. 8(a). While a complaint does not require "detailed factual allegations", it requires more "than unadorned, the-defendant-unlawfully-harmed-me accusations[s]." *Iqbal*, 556 U.S. at 678. To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, which, taken as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544 at 570; *Khalik*, 671 F.3d at 1190. As noted by the Tenth Circuit:

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the

> claim, but also the "grounds" on which the claim rests . . . The Twombly Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." . . . Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin."

*Robbins*, 519 F.3d at 1248 (internal citations omitted). It is important that the complaint makes clear who is alleged to have done what to whom in order to provide each responding party with fair notice as to the basis of the claims against it as distinguished from collective allegations. *Id*.

In this case, Plaintiffs have failed to provide a short and plain statement of any claims against H&R Block. Plaintiffs vaguely assert "fraud" based on an alleged failure by H&R Block to respond to a 2024 records request concerning tax and 401(k) documents from the 1980s and 1990s. To the extent Plaintiffs' claims are based on alleged conduct from the 1980s and 1990s, those allegations are plainly time-barred under the applicable statutes of limitations for fraud, identity theft, and related torts. And to the extent the claims rely on conduct occurring within an applicable statute of limitation, they are vague, conclusory, and fail to state a claim under Rule 12(b)(6)—let alone meet the heightened pleading standard for fraud under Rule 9(b). Although terms like "fraud," "trespass," and "identity theft" are mentioned, the Amended Complaint lacks specifics about the time, place or individuals involved that would put H&R Block, or any other defendant, on notice of the actual grounds of the claims against them. Plaintiffs have not presented a plausible claim for relief. Therefore, dismissal is appropriate under Rule 12(b)(6).

## IV.   CONCLUSION

H&R Block respectfully requests that this Court grant its Motion to Dismiss as Plaintiffs' claims against the Defendants are so insubstantial and implausible that the Court lacks subject matter jurisdiction to consider them under Rule 12(b)(1). Alternatively, Plaintiffs fail to state a

claim upon which relief can be granted, which would further warrant dismissal of Plaintiffs claims under Rule 12(b)(6).

Dated: June 16, 2025

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

*/s/ A. Alexander DeMasi*
A. Alexander DeMasi, KS Bar #28045
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email:   ademasi@berkowitzoliver.com

***Attorney for Defendant HRB Tax Group, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025, I filed a copy of the foregoing with Court using the CM/ECF system, which was sent to all counsel of record. In addition, I mailed copies of the foregoing via certified mail to the following *pro se* parties:

Timothy Joseph Smithe
203 S. Clarence St.
Wichita, KS 6721

Mary Astor Smithe
203 S. Clarence St.
Wichita, KS 67213

*/s/ A. Alexander DeMasi*
***Attorney for Defendant HRB Tax Group, Inc.***