**IN THE UNITED STATES DISTRICT COURT**
**FOR KANSAS THE DISTRICT OF KANSAS**

| | |
|---|---|
| TIMOTHY JOSEPH SMITHE and MARY ASTOR SMITHE, <br><br>        Plaintiffs, <br><br>v. <br><br>DIRECTOR, ILLINOIS DEPARTMENT OF PUBLIC HEALTH, et al. <br><br>        Defendants. | Case No. 6:25-CV-1072-DDC-GEB |

**FIDELITY BROKERAGE SERVICES LLC'S**
**MOTION TO STRIKE PLAINTIFFS' IMPROPER AMENDMENTS**

Fidelity Brokerage Services LLC ("FBS") improperly identified as Fidelity, Fidelity Investments, and Fidelity Investments, Inc., by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), respectfully submits its Motion to Strike Plaintiffs' Improper Amendments ("Motion"). FBS states the following in support of its Motion:

1. On June 4, 2025, the Court granted Plaintiffs' Motion for Leave to Amend and Response to Show Cause. Docs. 33, 68. Plaintiffs filed an Amended Complaint on June 9, 2025.

2. The Amended Complaint is not the proposed amended complaint attached to Plaintiffs' Motion for Leave to Amend and Response to Show Cause. *Compare* Doc. 33-1 *with* Doc. 80.

3. The Amended Complaint was then followed by numerous filings over the next five days. Plaintiffs have filed numerous motions, notices, and "affidavits."

4. Plaintiffs filed:

- Motion for Issuance of Subpoenas. Doc. 81, filed June 9, 2025.
- Motion to Supplement Amended Complaint. Doc. 82, filed June 9, 2025.
- Motion to Correct Defendant Names. Doc. 101, filed June 10, 2025.

- Notice of Clarification Regarding All Defendants. Doc. 102, filed June 10, 2025.

- Application of for Clerk's Entry of Default. Doc. 103, filed June 10, 2025.

- Notice of Clarification Regarding Successor Defendant. Doc. 107, filed June 11, 2025.

- Motion to Compel Production of Original Contracts. Doc. 112, filed June 12, 2025.

- Affidavit of Fraudulent Inducement. Doc. 114, filed June 12, 2025.

- Supplemental Affidavit for Additional Evidence. Doc. 115, filed June 12, 2025.

5. The foregoing list does not include Plaintiffs' responses to motions for extension of time which were rendered moot by the Court's June 4, 2025 Order. Doc. 69.

6. Plaintiffs' filings are legally and procedurally improper.

7. The following filings are improper efforts to amend the Amended Complaint because they introduce new or different parties and conclusory allegations.

- Motion to Supplement Amended Complaint. Doc. 82, filed June 9, 2025.

- Motion to Correct Defendant Names. Doc. 101, filed June 10, 2025.

- Notice of Clarification Regarding All Defendants. Doc. 102, filed June 10, 2025.

- Notice of Clarification Regarding Successor Defendant. Doc. 107, filed June 11, 2025.

- Affidavit of Fraudulent Inducement. Doc. 114, filed June 12, 2025.

- Supplemental Affidavit for Additional Evidence. Doc. 115, filed June 12, 2025.

(collectively "Proposed Amendments").

8. Plaintiffs' Proposed Amendments are wholly unsupported by the law, the Federal Rules of Civil Procedure, and the Rules of Practice of the United States District Court for the District of Kansas.

9. "Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading only by leave of court or by written consent of the adverse party. The Rule specifies that leave shall be freely given when justice so requires." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). This Court requires a party seeking to amend a pleading to file a concise statement of the amendment or leave sought and to attach the proposed pleading. D. Kan. Rule 15.1. Factors the court is to consider when presented with a motion to amend the pleadings are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment…" *Minter*, 451 F.3d at 1204.

10. A motion to amend can be denied when it appears the plaintiffs are making the complaint a moving target. *Id.* at 1206.

11. The amendment is futile if the complaint, as amended, remains subject to dismissal. *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013).

12. "Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may order stricken from any pleading "any redundant, immaterial, impertinent or scandalous matter." *Sellers v. Butler*, No. CIV.A.02-3055-DJW, 2006 WL 2873470, at *1 (D. Kan. Oct. 5, 2006). Whether to strike a pleading lies within the sound discretion of the court. *Id.*

13. The Proposed Amendments are not accompanied by a motion for leave to amend setting forth the reason(s) for the proposed amendments. The Proposed Amendments are not presented in the form of an amended complaint. Rather, the filings reflect Plaintiffs' "stream of consciousness" litigation approach. *See Ijams v. Bryan,* No. 79-4128, 1979 WL 1467, at *5 (D.

3

Kan. Sept. 18, 1979). Plaintiffs' Proposed Amendments do not comply with either Fed. R. Civ. P. 15 or D. Kan. Rule 15.1.

14. In the span of one week, Plaintiffs filed six different amendments to the Amended Complaint seeking to change the parties to this matter and attempting to add facts (none of which would render their claims legally cognizable). The filings keep the status of their complaint, the alleged facts, and the parties to this action in a constant state of flux and uncertainty. *See* Order, Doc. 111.

15. It is prejudicial to Fidelity, and frankly all the parties to this action, to allow Plaintiffs' continuous amendments in support of their meritless Amended Complaint.

16. Plaintiffs' Proposed Amendments do not cure the deficiencies fatal to the Amended Complaint. The Court has already called into question the sufficiency of Plaintiffs' allegations. *See* Memorandum and Order, Doc. 51. As fully set forth in Fidelity's Motion to Dismiss, the federal defendants' motion to dismiss, and the expected motions to dismiss from the remaining defendants, Plaintiffs have not established the Court's jurisdiction, nor have Plaintiffs stated any claim on which relief can be granted. Nothing contained in the Proposed Amendments demonstrates that Plaintiffs have any viable claim. Even if the Court considers the improper Proposed Amendments, the amendments are futile. *See Little, LLC*, 548 F. App'x at 515.

17. Additionally, Plaintiffs' numerous filings suggest Plaintiffs may not be acting in good faith. By filing their motion for leave to amend, Plaintiffs clearly understood the rules and the process for seeking leave to amend their pleading. Plaintiffs did not file their proposed amended complaint but instead filed a different Amended Complaint without leave of the Court. Immediately after Plaintiffs filed their Amended Complaint, Plaintiffs filed a Motion to Supplement the Amended Complaint without seeking leave to do so. Plaintiffs continued

5

throughout the week to file additional supplements to the as-filed Amended Complaint without seeking leave to do so.

18. Plaintiffs' filings at minimum have created confusion as to what Plaintiffs are alleging and against whom. For example, based on the as-filed Amended Complaint, several of the originally named defendants were terminated from the action. *See generally* the Docket. Notwithstanding that fact, Plaintiffs thereafter asked the Clerk to enter a default judgment against defendants who are no longer parties to this action.

19. For the foregoing reasons, FBS respectfully requests that the Court strike Plaintiffs':

- Motion to Supplement Amended Complaint. Doc. 82, filed June 9, 2025.
- Motion to Correct Defendant Names. Doc. 101, filed June 10, 2025.
- Notice of Clarification Regarding All Defendants. Doc. 102, filed June 10, 2025.
- Notice of Clarification Regarding Successor Defendant. Doc. 107, filed June 11, 2025.
- Affidavit of Fraudulent Inducement. Doc. 114, filed June 12, 2025.
- Supplemental Affidavit for Additional Evidence. Doc. 115, filed June 12, 2025.

Wherefore, Defendant Fidelity Brokerage Service LLC respectfully requests that the Court enter its Order striking Plaintiff's Improper Amendments and for such other and further relief the Court finds just and equitable.

/ / /

4933-8931-8990.3

Respectfully submitted,

KUTAK ROCK LLP

*/s/ William H. Henderson*
Juliet A. Cox            KS #17016
William H. Henderson     KS #21409
2405 Grand Boulevard, Suite 600
Kansas City, MO 64108
P: 816-960-0090; Fax: 816-960-0041
juliet.cox@kutakrock.com
william.henderson@kutakrock.com
ATTORNEYS FOR DEFENDANT
FIDELITY INVESTMENTS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of June 2025, a copy of the foregoing *Motion to Strike Amendments* was electronically filed with the Clerk of the District Court by using the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record. Additionally, a copy of this document was served on the following parties via U.S. Mail:

Timothy Joseph Smithe
c/o 203 S. Clarence Street
Wichita, KS 67213
*Pro se Plaintiff*

And

Mary Astor Smithe
c/o 203 S. Clarence Street
Wichita, KS 67213
*Pro se Plaintiff*

*/s/ William H. Henderson*
Attorney for Fidelity Investments

4933-8931-8990.3