### IN THE UNITED STATES DISTRICT COURT
### FOR KANSAS THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY JOSEPH SMITHE and MARY ASTOR SMITHE,<br><br>              Plaintiffs,<br><br>v.<br><br>DIRECTOR, ILLINOIS DEPARTMENT OF PUBLIC HEALTH, et al.<br><br>              Defendants. | Case No. 6:25-CV-1072-DDC-GEB |

### FIDELITY BROKERAGE SERVICES LLC'S MOTION TO STRIKE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF ORIGINAL CONTRACTS

Fidelity Brokerage Services LLC ("FBS") improperly identified as Fidelity, Fidelity Investments, and Fidelity Investments, Inc., by and through its undersigned counsel, respectfully submits its Motion to Strike Plaintiffs' Motion to Compel Production of Original Contracts. FBS states the following in support of its motion:

    1.    On June 12, 2025, Plaintiffs filed their Motion to Compel Production of Original Contracts ("Motion"). Doc. 113.

    2.    The Motion seeks to compel defendants and non-parties to produce original contracts with wet ink signatures.[1] The Motion is meritless with no legal basis, represents a misinterpretation of the applicable rules of discovery, and is procedurally improper.

    3.    Plaintiffs first attempt to support their Motion by claiming they requested original documents between June and August of 2023, long before this lawsuit was filed. *See* Motion, Doc. 113, ¶ 2. A pre-suit request for documents, even assuming it actually was made, does not support a Motion to Compel. Plaintiffs next attempt to support their Motion by pointing to their *pending*

---

[1] For example, the Motion names Wintrust Financial Corporation and Ocwen Financial even though they were terminated from the case on June 9, 2025. *See* the Docket.

2

Motion for Issuance of Subpoenas (Doc. 81), filed June 9, 2025.[2] *See* Motion, Doc. 113, ¶ 6. The Motion falsely claims Plaintiffs served requests for production of documents pursuant to Fed. R. Civ. P. 34. *See Id*.  Not only have Plaintiffs not served a request for production of documents pursuant to Fed. R. Civ. P. 34, but it is premature for any party to serve written discovery at this time.

4. Currently, the pleadings are not complete, and the parties have not held a Rule 26(f) conference. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Thus, there is no discovery pending between the parties. Plaintiffs have not served discovery on FBS, or any other party, nor would it be procedurally proper for them to do so at this time.

5. Although Plaintiffs rely on Fed. R. Civ. P. 37 as the basis for their Motion, Plaintiffs have not complied with the prerequisites of Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 for filing such a motion, further rendering their Motion procedurally improper.

6. Simply put, there is no basis for Plaintiffs to proceed under Fed. R. Civ. P. 37 because an informal pre-suit request for documents is not an enforceable discovery obligation. Similarly, a pending (and improper) motion for issuance of subpoenas is not an enforceable discovery obligation.

7. Even if Plaintiffs' Motion was procedurally proper (which it is not), Plaintiffs are not entitled to production of original documents.

8. Plaintiffs rely on K.S.A. 84-3-401 to support their demand for production of original documents with wet signatures. K.S.A. 84-3-401 states:

> (a) A person is not liable on an instrument unless (1) the person signed the instrument, or (2) the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under

---

[2] FBS filed a Motion to Strike Motion for Issuance of Subpoenas which is pending.  Doc. 153.

> K.S.A. 84-3-402. (b) A signature may be made (1) manually or by means of a device or machine, and (2) by the use of any name, including a trade or assumed name, or by a word, mark or symbol executed or adopted by a person with present intention to authenticate a writing.

K.S.A. 84-3-401. The plain language of the statute does not support Plaintiffs' claim that FBS is required to produce original documents with wet signatures.

9. In contrast to Plaintiffs' demand, Fed. R. Civ. P. 34 contemplates the production of electronically stored information in a reasonably usable form. Fed. R. Civ. P. 34 does not require the production of original documents.

10. "Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may order stricken from any pleading 'any redundant, immaterial, impertinent or scandalous matter.'" *Sellers v. Butler*, No. CIV.A.02-3055-DJW, 2006 WL 2873470, at *1 (D. Kan. Oct. 5, 2006). Whether to strike a pleading lies within the sound discretion of the court. *Id.*

11. Because there is no legal basis for the relief sought and the Motion is procedurally defective, the Motion should be struck as impertinent or immaterial. *See Id.* This is especially so given that Plaintiffs have filed numerous procedurally defective and legally unsupported motions, creating an unnecessary burden on defendants prior to the Court having an opportunity to rule on whether Plaintiffs' Amended Complaint will be allowed to proceed and, if so, against whom and on what causes of action, or whether Plaintiffs' Amended Complaint will be dismissed in its entirety.

Wherefore, Defendant Fidelity Brokerage Service LLC respectfully requests that this Court enter its Order striking Plaintiffs' Motion to Compel Production of Original Contracts and for such other and further relief as the Court finds just and equitable.

Respectfully submitted,

KUTAK ROCK LLP

*/s/ William H. Henderson*
Juliet A. Cox             KS #17016
William H. Henderson      KS #21409
2405 Grand Boulevard, Suite 600
Kansas City, MO 64108
P: 816-960-0090; Fax: 816-960-0041
juliet.cox@kutakrock.com
william.henderson@kutakrock.com
ATTORNEYS FOR DEFENDANT
FIDELITY INVESTMENTS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of June, 2025, a copy of the foregoing *Motion to Strike Plaintiffs' Motion to Compel Production of Original Contracts* was electronically filed with the Clerk of the District Court by using the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record. Additionally, a copy of this document was served on the following parties via U.S. Mail:

Timothy Joseph Smithe
c/o 203 S. Clarence Street
Wichita, KS 67213
*Pro se Plaintiff*

And

Mary Astor Smithe
c/o 203 S. Clarence Street
Wichita, KS 67213
*Pro se Plaintiff*

*/s/ William H. Henderson*
Attorney for Fidelity Investments

4

4934-5054-4206.3