IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY AND MARY SMITHE,

                      Plaintiffs,

vs.                                                  Case No. 25-cv-1072-DDC-GEB

DIRECTOR, ILLINOIS DEPARTMENT
OF PUBLIC HEALTH, et al.,

                      Defendants.

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLAIMS AGAINST THE BIA, BFS, DHS, FSA, HHS, IRS, SSA, THE UNITED STATES ATTORNEY FOR THE DISTRICT OF KANSAS, THE UNITED STATES ATTORNEY GENERAL, AND USPS**

       In their motion to dismiss (Doc. 119), the Federal Defendants demonstrate that Plaintiffs' Amended Complaint is frivolous and fails to state an actual case or controversy. That motion goes on to demonstrate the court otherwise lacks jurisdiction over plaintiffs' claims because diversity of citizenship is destroyed by the presence of federal agencies, because plaintiffs did not name the United States as a defendant, because plaintiffs cannot sue the United States or its agencies under the FTCA for constitutional or intentional torts, for failure to exhaust their administrative remedies under the FTCA before filing this case in federal district court, Plaintiffs' tort claims arising out of the collection of taxes are barred by 28 U.S.C. § 2680(c), and because most of their claims are time-barred under the FTCA's 2 year statute of limitations.

       Although Plaintiffs filed a response to that motion to dismiss, that response ignores, misapprehends, or misstates the law in regard to those arguments. The Federal Defendants' reply demonstrates that Plaintiffs' case should be dismissed for lack of subject matter jurisdiction

and that leave to amend the Complaint should be denied for these same reasons.  The Federal Defendants will file a separate response to the pending motion to amend the complaint.

In their response to the motion to dismiss, plaintiffs' state that "[t]he Second Amended Complaint establishes jurisdiction and states plausible claims with surgical precision: **Jurisdiction**: Federal question jurisdiction exists under 28 U.S.C. § 1331 for claims under 18 U.S.C. § 1341 (mail fraud), 15 U.S.C. § 1681 (FCRA), 28 U.S.C. § 1346(b) (FTCA), and 13th Amendment. Diversity jurisdiction applies under 28 U.S.C. § 1332 ($2 billion harm exceeds $75,000; diverse defendants, e.g., Citibank in New York, Tristate Capital Bank in Pennsylvania . . ."

In the section of their response captioned "II. REQUEST FOR RELIEF" plaintiffs ask the court to 1. Deny Federal Defendants' Motion to Dismiss (Doc. 119,); 2. Impose FRCP 11 ( c) sanctions on Christopher Allman for bad-faith filing;  3. Grant leave to proceed with claims. 4. Award costs and further relief as Colossians 2: 14 prevails.

**Analysis**

Nothing in Plaintiffs' response demonstrates any legal error in the Federal Defendants' motion to dismiss.  Despite Plaintiffs' belief that their Second Amended Complaint states plausible claims with "surgical precision," the actual controlling case law including Supreme Court and Tenth Circuit precedent demonstrates that Plaintiffs' claims are fundamentally flawed at their inception.  Plaintiffs simply gloss over the majority of the Federal Defendants' arguments that demonstrate that their case is frivolous and barred by sovereign immunity.  None of the cases cited by Plaintiffs actually help them avoid dismissal.  Instead, Plaintiffs' response is a mishmash of incorrect legal analysis and random citation to cases largely irrelevant to this case.

Plaintiffs again suggest that this court has diversity jurisdiction, but they are simply wrong. Diversity jurisdiction has two components: amount in controversy more than $75,000 *and* complete diversity of the defendants. *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("In order to invoke diversity jurisdiction, 'a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.'") (*quoting Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006)). But the presence of several federal agencies as defendants destroys diversity jurisdiction. *See Sharr v. Dep't of Transp.*, 247 F. Supp. 2d 1208, 1214 (D. Or. 2003) ("TSA, a federal agency, is not a "citizen" of any state, and its presence as a defendant defeats diversity jurisdiction.") (*citing Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 584 (D.C. Cir. 1993); *see Dyack v. Commonwealth of Northern Mariana Islands,* 317 F.3d 1030, 1037 (9th Cir. 2003)).

Plaintiffs also seek to impose civil liability on the Federal Defendants for the alleged violation of 18 U.S.C. § 1341, but federal criminal statutes cannot be the basis of their claims for damages:

> 18 U.S.C. § 1341 is a criminal statute relating to mail fraud, "requir[ing] proof of a scheme to defraud and use of the mails in furtherance of the scheme," *United States v. Hinkle*, 37 F.3d 576, 578 (10th Cir. 1994). "As a general matter, federal criminal statutes that 'do not provide for a private right of action' are 'not enforceable through a civil action.' " *Serna v. Webster*, No. 23-2091, 2023 WL 6382099, at *2 (10th Cir. Oct. 2, 2023) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)). And as courts within this circuit have found, 18 U.S.C. § 1341 does not provide for a private cause of action. *See Crownhart v. Colorado*, No. 24-1208, 2024 WL 3339916, at *2 (10th Cir. July 9, 2024) ("18 U.S.C. § 1341 is the federal statute criminalizing mail fraud and ... may not be enforced in a civil action by a private party."); *see also Graham v. Tennessee Dep't of Lab. & Workforce Dev.*, 556 F. Supp. 2d 1298, 1300 (N.D. Okla. 2008) ("[A] private citizen cannot bring a federal criminal mail fraud action, nor does the federal mail fraud statute, Title 18 U.S.C. § 1341, provide for a private cause of action."); *Creech v. Fed. Land Bank of Wichita*, 647 F. Supp. 1097, 1099 (D.

Colo. 1986) ("[N]o private cause of action exists for mail fraud under 18 U.S.C. § 1341."). Because Plaintiff is not entitled to bring a private claim under 18 U.S.C. § 1341, his second claim for relief also fails to establish subject matter jurisdiction.

*Walz v. Cent. Bank of Utah*, No. 2:24-CV-00618-DAK-CMR, 2025 WL 1310850, at *3 (D. Utah May 6, 2025), *report and recommendation adopted*, No. 2:24CV0618-DAK-CMR, 2025 WL 1455802 (D. Utah May 21, 2025).

In sum, Plaintiffs are simply wrong and their frivolous claims should be dismissed for lack of subject matter jurisdiction.

**Rule 11 Sanctions**

Based upon their contention that the motion to dismiss filed by undersigned counsel on behalf of the Federal Defendants was frivolous, Plaintiffs seek Rule 11 sanctions personally against undersigned counsel. Like their other baseless arguments, that request should be denied.

First, as explained in the motion to dismiss and this reply, Plaintiffs' position is remarkably wrong in almost every instance. Every argument advanced in that motion was based upon well settled principles of sovereign immunity. Counsel for the Federal Defendants vehemently denies that any legal or factual argument did not have a good faith basis consistent with often controlling precedent.

Second, Plaintiffs request for Rule 11 sanctions in their response to the motion to dismiss is improper and should be denied on that basis alone. *See* Fed. R. Civ. P. 11, Comments 1993 Amendment ("The rule provides that requests for sanctions must be made as a separate motion, *i.e.,* not simply included as an additional prayer for relief contained in another motion.").

Third, Plaintiffs did not comply with the "safe harbor" provisions of Rule 11 before seeking sanctions, so their request for Rule 11 sanctions can be denied on that independent basis as well:

> The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.
>
> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.
>
> As under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11-- whether the movant or the target of the motion--reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.

*Id.*

Finally, Plaintiffs would only be entitled to costs under 28 U.S.C. § 1920 if they are the prevailing parties.

                                                Respectfully Submitted,

                                                DUSTON J. SLINKARD
                                                Acting United States Attorney
                                                District of Kansas

/s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S. Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
Email: chris.allman@usdoj.gov

Attorneys for the United States Federal Defendants

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of filing to all CM/CMECF participants for this case.

The Federal Defendants also mailed a copy of this response to Plaintiffs by first class mail to this address:

>Mary Astor Smithe
>203 S. Clarence St.
>Wichita, KS  67213

/s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney