IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY AND MARY SMITHE,

                Plaintiffs,

vs.                                                  Case No. 25-cv-1072-DDC-GEB

DIRECTOR, ILLINOIS DEPARTMENT
OF PUBLIC HEALTH, et al.,

                Defendants.

## FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. 182) AND PLAINTIFFS' SUPPLEMENTAL MOTION TO CLARIFY HANDWRITTEN MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC 184)

The United States, on behalf of the Bureau of Indian Affairs (BIA), Bureau of Fiscal Services (BFS), United States Department of Homeland Security (DHS), Office of Federal Student Aid (FSA), Department of Health and Human Services (HHS), Internal Revenue Service (IRS), Social Security Administration (SSA), the United States Attorney for the District of Kansas, the United States Attorney General, and United States Postal Service (USPS) (collectively referred to as the Federal Defendants), files this combined response in opposition to the Plaintiffs' motion for leave to file their Second Amended Complaint (Doc. 182) and Plaintiffs' Supplemental Motion to Clarify Handwritten Motion for Leave to File Second Amended Complaint (Doc. 184) on several bases including futility.

On June 4, 2025, this court granted Plaintiffs' motion for leave to amend their complaint (Docs. 33, 68).  On June 9, 2025, Plaintiffs filed an Amended Complaint (Doc. 80) followed by a motion to supplement the Amended Complaint (Doc. 82).  Neither the Amended Complaint nor

the supplement matches the proposed Amended Complaint (Doc 33-1) that the court granted leave to file and consequently Docs. 80 and 82 should be stricken on that basis alone. Plaintiffs filed another motion for leave to amend (Doc. 164) that the court denied because Plaintiffs did not attach a copy of their proposed Amended Complaint to the motion to amend as required by D. Kan. R. 15.1(a). (Doc. 171).

Plaintiffs now seek leave to amend their Complaint yet again and in the Supplemental Motion "to ensure legibility and compliance, (sic) with precision sharper than a two-edged sword (Hebrews 4:12)." The latest iteration of the Plaintiffs' Complaint is no better than any prior version and leave to amend should be denied on the basis of futility. The Federal Defendants oppose the Motion for Leave because the draft Second Amended Complaint (Doc. 182-1) fails to state a case or controversy because it is legally and factually frivolous and alleges fraud, identify theft, involuntary servitude, trespass, violation of federal criminal law 18 U.S.C. § 1341, violations of 15 U.S.C. § 1681, the Fair Credit Reporting Act, and unjust enrichment between 1965 and 2025 for which they claim $2 billion dollars in damages. Plaintiffs should not be permitted to amend their Complaint again on the basis of futility.

Although proceeding pro se, Plaintiffs must comply with the Federal Rules of Civil Procedure and the rules of this court. *See Baker v. City of Loveland*, 686 F. App'x 619, 620 n.1 (10th Cir. 2017) ("[P]ro se litigants must comply with the Federal Rules of Civil Procedure. . . . *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure."); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (pro se parties must follow the same rules of procedure that govern other litigants including the court's local rules); *Maghe v. Cody,* 982 F.2d 529 (10th Cir. 1992) ("While pro se petitions must be liberally construed, dismissal is proper for failure to comply with local rules.").

The Tenth Circuit has stated that "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999). Regardless, all permutations of Plaintiffs' Amended Complaint fail to state a case or controversy and this case should be dismissed for lack of subject matter jurisdiction.

Plaintiffs' Amended Complaint(s) are simply incomprehensible and patently frivolous. The Amended Complaint invokes the "'stream of consciousness' principle of human perception and proceeds to use that principle as an organizational guide." *Ijams v. Bryan*, No. 79-4128, 1979 WL 1467, at *5 (D. Kan. Sept. 18, 1979) (Judge Rogers). Their latest Second Amended Complaint is equally deficient and leave to amend should be denied. In their motion to dismiss (Doc 119) and reply in support of that motion (Doc. 185), the Federal Defendants seek dismissal of Plaintiffs' Second Amended Complaint for lack of subject matter jurisdiction because Plaintiffs' claims are so insubstantial and implausible that their Amended Complaint and proposed Second Amended Complaint—fail to allege an actual federal case or controversy and leave to amend again should be denied on the basis of futility. Although ten federal agencies are identified as defendants in the caption of the Amended Complaint, Plaintiffs assert no specific claims against several of the agencies in the body of the Amended Complaint. Plaintiffs also seek injunctive relief. The Federal Defendants invite this court to address that fundamental jurisdictional issue at the outset of this case to avoid the needless waste of this courts and the United States' time and resources in a manner consistent with Fed. R. Civ. P. 1.

## Subject Matter Jurisdiction

Subject matter jurisdiction can be raised at any time, and this Court has an independent duty to evaluate its jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.") (*citing and then quoting Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 101-102 (1998) ("For a court to pronounce upon [the merits] when it has no jurisdiction to do so," *Steel Co.* declared, "is . . . for a court to act ultra vires."); *see Zimmerman v. Univ. of Utah*, 2018 WL 10152221, at *5 (D. Utah) ("Subject-matter jurisdiction cannot be waived, and arguments going to the court's subject-matter jurisdiction can be raised at any time."); *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) ("Our subject-matter jurisdiction is a constitutional prerequisite to hearing a case and because it involves a court's power to hear a case, can never be forfeited or waived."). Moreover, regardless of whether any party moves for dismissal for lack of subject matter jurisdiction, federal courts "*must* dismiss the cause at *any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (emphasis added): *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the court lacks subject matter jurisdiction over a case because there is no case or controversy, it cannot issue injunctive relief. *See, e.g., Singletary v. Conroy*, No. 24-CV-00145-NYW-KAS, 2025 WL 460924, at *9 (D. Colo. Feb. 11, 2025) ("To the extent that Plaintiff seeks injunctive relief under the Rehabilitation Act, there is no longer a live case or controversy for the Court to address and the Court lacks subject matter jurisdiction."), *report and recommendation adopted,* No. 24-CV-00145-NYW-KAS, 2025 WL 706003 (D. Colo. Mar. 5, 2025); *Lowery v.*

*Miller*, No. 24-CV-204-SEH-JFJ, 2024 WL 3221716, at *2 (N.D. Okla. May 15, 2024) ("A federal court can only issue injunctive relief if it has subject matter jurisdiction over the claim and personal jurisdiction over the parties.") (*citing John Zink Company, LLC v. Robertson*, No. 22-CV-525-JFH-CDL, 2022 WL 17547786, at *2 (N.D. Okla. Dec. 9, 2022)).

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008); *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). *See Wisdom Ministries, Inc. v. Garrett*, No. 23-5098, 2024 WL 3770934, at *2 (10th Cir. Aug. 13, 2024) ("Before a court can consider these claims, however, the plaintiff bears the burden to identify a proper basis for jurisdiction.") (*citing Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1322 (10th Cir. 2022)).

## Analysis

Plaintiffs' claims against the Federal Defendants are so insubstantial and implausible that this court lacks jurisdiction over them. Plaintiffs' claims now spanning 60 years are simply baseless and absurd to a degree that their Amended Complaint does not assert a federal controversy. *See Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions, . . . or otherwise completely devoid of merit as not to involve a federal controversy" (citation and quotation omitted)); *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *2-3, 7 (D. Kan. Apr. 2, 2010) (dismissing, as insubstantial, action under FISA and the Patriot Act alleging that former state legislator and other officials unlawfully surveilled plaintiff and "use[d] a 'steroid cocktail' to try and cause [the] death" of plaintiff's spouse, stating "[c]laims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed . . . for lack of subject matter jurisdiction" (collecting similar cases)), *aff'd*, 391 F. App'x 745 (10th

Cir. 2010); *Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012) (affirming dismissal of Section 1983 action alleging secret surveillance of plaintiff, stating "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible" (quotation and alteration omitted)); *Tarshik v. Kansas*, 327 F. App'x 56, 57 (10th Cir. 2009) (affirming dismissal of "insubstantial" action alleging that defendants participated in an "organized crime syndicate which has repeatedly tried to poison him and caused him a variety of injuries"). This court recognized these jurisdictional limits in *Farr III,* a case in which the pro se plaintiff alleged amongst other implausible things that government defendants used "CIA mind control and nanobots to break up her relationship" and rigged a 2022 Senate primary election against her. *Id.* at 17–18 (Am. Compl. ¶ 137).

> These claims can't withstand a motion to dismiss. "Claims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction." *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *3 (D. Kan. Apr. 2, 2010), *aff'd*, 391 F. App'x 745 (10th Cir. 2010) (dismissing claims—in case that Ms. Farr[7] helped a pro se plaintiff file—based on allegations that "President George W. Bush and the Department of Homeland Security...authorized Wichita area hospitals ... to use a 'steroid cocktail' to try and cause death[,]" *id.* at *2, to plaintiff and Ms. Farr among others). The court agrees with defendants. Plaintiff's claims are "insubstantial, implausible, [***and***] foreclosed by prior decisions[.]" *Aebersold*, 71 F. App'x at 9 (citations and internal quotation marks omitted).

*Farr v. United States Gov't*, No. 22-2476-DDC-GEB, 2023 WL 4286115, at *5–6 (D. Kan. June 30, 2023). Plaintiffs' claims are so insubstantial, implausible, and devoid of merit that this Court should dismiss their claims against the Federal Defendants because the claims do not present a federal case or controversy.

Plaintiffs' proposed Second Amended Complaint alleges jurisdiction under 28 U.S.C. § 1331 for their 13th Amendment involuntary servitude, FCRA, 18 U.S.C. § 1341 claims, supplemental jurisdiction under 28 U.S.C. § 1367, and finally diversity of citizenship under 28

U.S.C. § 1332. Plaintiffs are simply wrong as a matter of law in regard to subject matter jurisdiction with the exception of claims under the FCRA[1] (but Plaintiffs FCRA claims against apparently all defendants are conclusory and unintelligible as discussed below), and with a second, third, or fourth attempt at amending their Complaint cannot establish subject matter jurisdiction over any of their claims.

The United States cannot be sued for constitutional or intentional torts, *see* 28 U.S.C. § 2680(h) (waiver of sovereign immunity does not extend to claims arising out of assault, battery or other specified intentional tort claims); *Greenlee*, 247 F. App'x 953, 954 (10th Cir. 2007) ("As for Greenlee's allegations that the Postal Service has intentionally and directly harmed him and his property, his claims fall outside the FTCA—and the district court's jurisdiction—because of the FTCA's intentional tort exception."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994) (constitutional tort claims against the United States are barred by sovereign immunity). 18 U.S.C. § 1341 is a federal criminal statute and cannot be the basis of their claims for damages. *See Crownhart v. Colorado*, No. 24-1208, 2024 WL 3339916, at *2 (10th Cir. July 9, 2024) ("18 U.S.C. § 1341 is the federal statute criminalizing mail fraud and ... may not be enforced in a civil action by a private party."); *see also Graham v. Tennessee Dep't of Lab. & Workforce Dev.*, 556 F. Supp. 2d 1298, 1300 (N.D. Okla. 2008) ("[A] private citizen cannot bring a federal criminal mail fraud action, nor does the federal mail fraud statute, Title 18 U.S.C. § 1341, provide for a private cause of action.").

---

[1] In *Department of Agriculture Rural Development Rural Housing Service v. Kirtz*, 601 U.S. 42, 144 S. Ct. 457 (2024) the Supreme Court concluded that FCRA effects a clear waiver of the United States' sovereign immunity, so "[a] consumer may sue 'any' federal agency for defying the law's terms." *Id.* at 64, 144 S.Ct. 457. *See Good v. Dep't of Educ.*, 121 F.4th 772, 787 (10th Cir. 2024).

Diversity of citizenship under § 1332 does not exist because federal agencies are parties and their inclusion destroys diversity. *See Nooh v. ReconTrust Co.*, No. 11-2506-STA-DKV, 2012 WL 1075844, at *3 (W.D. Tenn. Mar. 29, 2012) ("The presence of a federal agency as a party destroys diversity.") (*citing Frey v. Envtl. Prot. Agency,* 270 F.3d 1129, 1136–37 (7th Cir. 2001). 28 U.S.C. § 1367 does not abrogate the United States' sovereign immunity. *See Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006) (holding that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims"); *Glimp v. Dep't of Commerce's Bureau of Indus. & Sec.*, No. 22-CV-02708-GPG-KAS, 2023 WL 6622736, at *3 (D. Colo. Oct. 10, 2023), *report and recommendation adopted,* No. 22-CV-2708-GPG-KAS, 2023 WL 11877653 (D. Colo. Oct. 31, 2023).

In addition to Plaintiffs' claims against the Federal Defendants being incomprehensible and inconsequential, Plaintiffs' claims against the Federal Defendants face these specific, additional insurmountable jurisdictional and other hurdles.

### A. Plaintiffs' claims for monetary damages other than under the FCRA are barred by sovereign immunity.

Plaintiffs' intentional tort claims against the Federal Defendants are barred by sovereign immunity. "The concept of sovereign immunity means that the United States cannot be sued without its consent." *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (*quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks,* 960 F.2d 911, 913 (10th Cir. 1992)). "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Id.* To survive dismissal under sovereign immunity, a plaintiff must establish the United States has waived sovereign immunity relating to that claim. *See Askew v. United States*, No. 23-3046, 2024 WL 242858, at *3.

### 1. Only the United States is a proper defendant under the Federal Tort Claims Act (FTCA).

For plaintiffs seeking money damages, the FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). Plaintiffs' Amended Complaint names ten federal agencies as defendants but does not name the United States as a party. "The United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001). In short, the United States is the only proper defendant in FTCA claims and therefore Plaintiffs' motion to amend their Amended Complaint should be denied on the basis of futility.

### 2. Plaintiffs' Tort Claims Against the United States must be dismissed for failure to exhaust their administrative remedies under the FTCA.

Because Plaintiffs' proposed Second Amended Complaint does not allege that they exhausted their administrative remedies under the FTCA *before* commencing this suit in federal district court, the Plaintiffs' motion for leave to amend their Complaint should be denied. Ostensibly in response to arguments advanced in the Federal Defendants' Motion to Dismiss, Plaintiffs' proposed Second Amended Complaint, *see* Doc. 182-2 at pages 8-9. suggests that they filed SF 95 forms against the United States Postal Service on May 30, 2025, alleging $8,000,000 in damages from the delivery of alleged fraudulent utility bills—a wholly implausible claim, but this case was filed on April 21, 2025. *See* Doc. 1. The FTCA provides that an "'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (*quoting* 28 U.S.C. § 2675(a)).

> "[B]efore an individual can bring a lawsuit against the United States under the FTCA he or she must exhaust administrative remedies by presenting the claim to the appropriate federal agency and allowing the agency to finally deny the

> claim. 28 U.S.C. § 2675(a); *see also Three-M Enterprises, Inc.*, 548 F.2d at 294-95. . . .
>
> This exhaustion requirement is jurisdictional and cannot be waived. *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016); *see also Barnes*, 776 F.3d at 1139 ("The administrative-exhaustion requirement applicable to FTCA claims 'bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'" (*citing McNeil v. United States*, 508 U.S. 106, 113 (1993))); *Lurch v. United States*, 719 F.2d 333, 335 (10th Cir. 1983) ("Bringing an administrative claim is a prerequisite before suit can be brought in United State District Court under the FTCA. The administrative claim must be denied by the agency either in writing or by failure to make a final disposition within six months of filing before claimant can sue." (*citing* 28 U.S.C. § 2675)). Plaintiffs bear the burden to prove they complied with the FTCA exhaustion requirements. *Wagner v. Jones*, No. CV-13-771 CG/WPL, 2014 WL 12789015, at *7 (D.N.M. Aug. 5, 2014).

*Lucero v. United States*, No. CV 17-0634 SCY/JHR, 2019 WL 2869059, at *2-3 (D.N.M. July 3, 2019). Because Plaintiffs' own proposed Second Amended Complaint proves that they did not administratively exhaust their FTCA claims *before* commencing this suit, their unexhausted FTCA claims against the United States would be dismissed for lack of subject matter jurisdiction and leave to amend should be denied on the basis of futility. *See Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954 (10th Cir. 2007).

### 3. Plaintiffs' tort claims arising out of the collection of taxes are barred by 28 U.S.C. § 2680(c).

At least some portion of the Plaintiffs' claims in the proposed Second Amended Complaint relates to the IRS's efforts to collect unpaid taxes. *See* 182-1, page 7, paragraph 2. Such claims are barred by sovereign immunity. "While the FTCA contains a limited waiver of the federal government's sovereign immunity, it expressly excludes from its coverage "any claim arising in respect of the assessment or collection of any tax . . . ." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1246 (10th Cir. 1989) (*quoting* 28 U.S.C. § 2680(c)).

### 4. Most of Plaintiffs' tort claims against the Federal Defendants are time barred.

10

Even if Plaintiffs can overcome the insurmountable hurdles identified above, Plaintiffs' Second Amended Complaint alleges claims for the past 60 years—but the majority of those tort claims are barred by the FTCA's two year statute of limitations: "[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The Supreme Court has held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). But "FTCA claims which accrue more than two years before filing an administrative claim are time barred." *Barroca v. United States*, No. 19-2688-DDC-TJJ, 2021 WL 274505, at *17 (D. Kan. Jan. 27, 2021) (*citing Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003)). The FTCA applies the law of the state where the purportedly negligent acts occurred to determine substantive liability. *Id.* Plaintiffs' claims for alleged torts for the past 60 years is well beyond the FTCA's statute of limitations period and consequently those claims would be subject to dismissal under Fed. R. Civ. P. 12(b)(6).[2] *See Jones v. Bock,* 549 U.S. 199, 215 (2007)

---

[2] Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiff's claims in complaints to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and that is "*plausible on its face.*" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A plaintiff's complaint must include more than labels, legal conclusions, and formulaic recitations of the cause of actions elements. *Id.* at 545. The facts pled must provide more than a speculative chance of the right to relief. *Id.* Furthermore, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). Facial plausibility is found "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Tenth Circuit has further clarified this standard by holding that the "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a *reasonable likelihood* of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis altered).

("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Neighbors v. Kansas*, No. 16-CV-04023-DDC-KGS, 2017 WL 402167, at *7 (D. Kan. Jan. 30, 2017).

Plaintiffs cannot possibly demonstrate a basis to equitably toll the time for filing their tort claims for over fifty years. "[U]nder 'long-settled equitable-tolling principles[,] '[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015) (*quoting Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)).

> Equitable tolling is discretionary and "is granted sparingly." *Chance [v. Zinke]*, 898 F.3d [1025] at 1034 [10th Cir. 2018] (internal quotation marks omitted). Dismissal for failure to state a claim is appropriate where a complaint's "allegations, even if proved, don't warrant tolling the limitations period." *Id*. Here, the district court correctly focused on whether plaintiffs alleged that they diligently pursued their rights and that some extraordinary circumstance stood in their way. *See id.*

*Farhat v. United States*, No. 21-7061, 2022 WL 2840483, at *5 (10th Cir. July 21, 2022).

Although the Tenth Circuit has emphasized the purpose of Rule 15(a) of the Federal Rules of Civil Procedure "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (*quoting Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)), because Plaintiffs do not allege any plausible factual basis for equitable tolling—or any other legal basis that might save their belated tort claims from dismissal—their claims against the Federal Defendants would be dismissed for failure to state a claim and this Court should deny any additional request for leave to amend their Complaint on the basis of futility.

    **5.**    **Plaintiffs FCRA Claims Are Conclusory and Implausible**

Although FCRA claims against the United States are not barred by sovereign immunity, Plaintiffs' proposed Second Amended Complaint fails to allege any plausible claim against the Federal Defendants.  Page six of the proposed Second Amended Complaint, IV. STATEMENT OF FACTS, alleges "1. From 1965-2025 AD, defendants misused Plaintiffs' SSNs ([redacted], Exhibit A, FOIA Response, Timothy, June 22, 2023 AD; Mary, October 5, 2023 AD) to open unauthorized accounts, issue loans, and impose levies and liens without consent."  In section V. LEGAL CLAIMS, Plaintiffs alleged that "Defendants' SSN misuse caused financial harm, violating FCRA (*Safeco Ins. Co.*, 551 U.S. at 52). Exhibit A (FOIA Response, Cook County Doc. #2320940003)." Doc. 182-1 at 8.

First, this does not appear to be a valid FCRA claim even in the abstract as it appears to be an attack on the issuance of Social Security numbers to the Plaintiffs, but ostensibly those numbers were requested from SSA by Plaintiffs' parents after each was born.  *See Social Security Number for Children* (found at *https://www.ssa.gov/pubs/EN-05-10023.pdf*) (last visited on July 2, 2025).

Second, Plaintiffs' Second Amended Complaint is simply conclusory, ambiguous and does not state a short and plain statement of the claim showing the pleader is entitled to relief that is plausible on its face.  It is impossible to discern what specific wrongs Plaintiffs allege by each defendant and at what point in time between 1965 and now, making it impossible to defend and counsels against allowing leave to amend.

Third, "[a]ctions under the FCRA must be brought within "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p; *Crayton v. Bank of Am., Inc*., No. 25-3058, 2025 WL 1561905, at *1 (10th Cir. June 3, 2025).

13

Even if Plaintiffs stated any plausible FCRA claims, the vast majority of those claims are time-barred and leave to amend should be denied.

## Rule 11 Sanctions

Based upon their contention that the motion to dismiss filed by undersigned counsel on behalf of the Federal Defendants was frivolous, Plaintiffs Second Amended Complaint seeks Rule 11 sanctions personally against undersigned counsel and other defense counsel. Counsel for the Federal Defendants vehemently denies that allegation as every argument advanced in this case has a good faith basis in law and fact, but more importantly for purposes of evaluating Plaintiffs' motion to amend, that portion of the proposed Second Amended Complaint is inconsistent with operation of Rule 11 and barred by the official commentary to Rule 11.

First, Plaintiffs request for Rule 11 sanctions in their proposed Second Amended Complaint is improper and should be denied on that basis alone. *See* Fed. R. Civ. P. 11, Comments 1993 Amendment ("The rule provides that requests for sanctions must be made as a separate motion, *i.e.,* not simply included as an additional prayer for relief contained in another motion.").

Second, Plaintiffs have not complied with the "safe harbor" provisions of Rule 11 before seeking sanctions, so their request to include a claim for Rule 11 sanctions in their Second Amended Complaint can be denied on that independent basis as well:

> The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.
>
> As under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11--whether the movant or the target of the motion--reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.

*Id.* So Plaintiffs' motion for leave to amend to add this specific claim for relief should be denied on this specific basis.

Finally, Plaintiffs would only be entitled to costs under 28 U.S.C. § 1920 if they are the prevailing parties.

## Conclusion

Plaintiffs' frivolous and wholly implausible claims for $2 billion are devoid of any merit and not based upon reality. Plaintiffs' motion for leave to amend to file their Second Amended Complaint should be denied on the basis of futility.

    Respectfully Submitted,

    DUSTON J. SLINKARD
    Acting United States Attorney
    District of Kansas

    /s/ Christopher Allman
    CHRISTOPHER ALLMAN
    Assistant United States Attorney
    Ks. S.Ct. No. 14225
    500 State Avenue, Suite 360
    Kansas City, Kansas 66101
    PH: (913) 551-6730
    Email: chris.allman@usdoj.gov

    Attorneys for the United States Federal Defendants

CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of filing to all CM/CMECF participants for this case.

The Federal Defendants also mailed a copy of this response to non-CM/ECF participant Mary Smithe by first class mail to this address:

>Mary Astor Smithe
>203 S. Clarence St.
>Wichita, KS  67213

>/s/ Christopher Allman
>CHRISTOPHER ALLMAN
>Assistant United States Attorney