FILED
U.S. District Court
District of Kansas

JUL 09 2025

Clerk, U.S. District Court
By _____ Deputy Clerk

U.S. DISTRICT COURT, DISTRICT OF KANSAS

**Case No. 25-cv-1072**

Timothy Joseph, Smithe and Mary Astor, Smithe,

Private Unalienable Christian Names Timothy and Mary, Co Heirs with Christ and Beneficiaries,

℅ 203 S Clarence Street, Wichita, Kansas

Plaintiffs,

v.

United States, Bureau of Indian Affairs, Bureau of Fiscal Service, Department of Homeland

Security, Office of Federal Student Aid (FSA), Department of Health and Human Services,

Internal Revenue Service, Social Security Administration, United States Postal Service, United

States Attorney for the District of Kansas, United States Attorney General, H&R Block Tax

Group, Inc., Wintrust Financial Corporation, Fidelity Brokerage Services LLC, Citibank, N.A.,

JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., Bank of America, N.A., Capital One,

N.A., U.S. Bank National Association, Byline Bank, Lake Mortgage Company, Inc., American

Express Company, Ocwen Financial Corporation, Old National Bank, Tristate Capital Bank,

Alex Giannoulias, in his individual capacity, Kwame Raoul, in his individual capacity, Kris

Kobach, in his individual capacity, Scott Schwab, in his individual capacity, Dr. Sameer Vohra,

in his individual capacity, City of Wichita, Wichita Water Utilities, Evergy, Kansas Gas Service,

Defendants.

**REPLY IN SUPPORT OF OPPOSITION TO OLD NATIONAL BANK'S MOTION TO**

**CONFIRM DISMISSAL OR DISMISS (DOC. 151) AND MOTION FOR LEAVE (DOCS.**

**182, 184)**

Plaintiffs,Timothy Joseph, Smithe and Mary Astor, Smithe, unalienable Christian names Timothy and Mary, co-heirs with Christ (Romans 8:17), pro se, invoke the office of the Father (John 8:32), submitting to God-ordained authority (Romans 13:1). With Christ's precision sharper than a two-edged sword (Hebrews 4:12), we reply in support of our opposition (Doc. 178, June 27, 2025 AD) to Old National Bank's (ONB, successor to First Midwest Bank) Motion to Confirm Dismissal or Dismiss (Doc. 151, June 23, 2025 AD) and Motion for Leave to File Second Amended Complaint (Docs. 182, 184), filed by Kathryn T. Alsobrook (Dysart Taylor, 700 W. 47 Street, Suite 410, Kansas City, MO 64112) and Christopher S. Griesmeyer (Greiman, Rome & Griesmeyer, LLC, 205 West Randolph Street, Suite 2300, Chicago, IL 60606). We seek justice for $2 billion in harm from fraud and identity theft since August 2024 AD, including est. $8 million in taxes collected over 47 years (Exhibit A, bank/loan statements, filed April 21, 2025 AD and again July 7, 2025 AD, with pro se leniency (*Haines v. Bellmon*, 935 F.2d 1106, 1110, 10th Cir. 1991).

## I. ONB REMAINS A DEFENDANT

ONB's claim of dismissal (Doc. 151) is baseless, as no court order terminated ONB, and our filings maintain their status:

1. **No Automatic Dismissal**: ONB's reliance on *Frank v. U.S. W., Inc.* (3 F.3d 1357, 1365, 10th Cir. 1993) and *Miller v. Glanz* (948 F.2d 1562, 1565, 10th Cir. 1991) is misplaced. The Amended Complaint (Doc. 80, June 9, 2025 AD) implicitly includes ONB via "and Others" (Doc. 80, p. 1), clarified by our Notice of Clarification (Doc. 102, June 10, 2025 AD) and Notice of Clarification Regarding Successor Defendant (Doc. 107, June 11, 2025 AD), naming ONB as

successor to First Midwest Bank (merged February 15, 2022 AD). The Clerk's termination on

June 9, 2025 AD, was administrative, not judicial, and lacks legal effect absent a court order

(*Murray v. Archambo*, 132 F.3d 609, 612, 10th Cir. 1998).

2. **Valid Service**: ONB was served with the original complaint (Doc. 1, April 21, 2025 AD)

and summons at First Midwest's address, with green card receipt, and appeared via counsel

(Doc. 70, June 4, 2025 AD), waiving any dismissal claim under FRCP 12(h)(1).


II. JURISDICTION EXISTS UNDER RULE 12(b)(1)

ONB's jurisdictional challenge (Doc. 151) fails, as our Second Amended Complaint (Doc.

182-1) establishes standing:

1. **Injury-in-Fact**: We allege $5 million in fraudulent loans and $8 million in taxes collected

via levies (~$50,000, 2013–2016, Exhibit A-6) due to ONB's SSN misuse ([redacted], Exhibit A,

FOIA Response, June 22, 2023 AD), causing financial imprisonment, passport seizure, and labor

theft (*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 2016).

2. **Traceability**: Exhibit A (Evidence filed with this court in April-June 2025 AD, BFS

FOIA Response, April 26, 2025 AD; Jamnik Email, June 26, 2023 AD; Cook County Doc.

#2320940003) links ONB's unauthorized accounts to our harm, satisfying *Davis v. Fed.

Election Comm'n* (554 U.S. 724, 734, 2008).

3. **Redressability**: Damages and injunctive relief (Doc. 182-1) can redress our injuries,

supported by federal question jurisdiction (28 U.S.C. § 1331, FCRA, 15 U.S.C. § 1681; FTCA,

28 U.S.C. § 1346(b)) and diversity jurisdiction (28 U.S.C. § 1332, ONB in Indiana, $2 billion

harm exceeds $75,000, *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, 2019).

III. PLAUSIBLE CLAIMS STATED UNDER RULE 12(b)(6)

ONB's claim of no plausible claims (Doc. 151) is meritless, as our pleadings meet FRCP 8 and

9(b):

1. **Specific Allegations**: The Second Amended Complaint (Doc. 182-1, p. 3) details ONB's

SSN misuse for est. $5 million in fraudulent loans (1980–2025 AD, Exhibit A, Loan Fraud

Records), violating 18 U.S.C. § 1341 (mail fraud), 15 U.S.C. § 1681 (FCRA, *Safeco Ins. Co. v.

Burr*, 551 U.S. 47, 52, 2007), and K.S.A. 60-513, with particularity: who—ONB; what—SSN

misuse; when—2010–2023; how—unauthorized accounts; where—ONB systems (*Clinton v.

Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274, 10th Cir. 2023).

2. **Evidence Ignored**: ONB's dismissal of Jamnik's email (Exhibit A, Dkt. 182-2, p. 17) as

irrelevant is bad-faith, as it confirms First Midwest's knowledge of SSN misuse practices,

corroborated by Exhibit A-6 (bank statements) and Cook County Doc. #2320940003 (*Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 570, 2007).

3. **Customer Relationship Irrelevant**: ONB's claim (Decl. of Patti Malone, Dkt. 151-1) that

we were never customers is immaterial, as our claims arise from unauthorized accounts, not a

formal relationship (*Dep't of Agric. v. Kirtz*, 601 U.S. 42, 2024).


IV. MOTION FOR LEAVE IS NOT FUTILE OR PREJUDICIAL

ONB's opposition to our Motion for Leave (Docs. 182, 184) fails:

1. **Non-Futile Amendment**: The Second Amended Complaint (Doc. 182-1) cures

deficiencies with specific allegations and evidence (Exhibit A), surviving Rule 12(b)(1) and

12(b)(6) motions and summary judgment (*Watson ex rel. Watson v. Beckel*, 242 F.3d 1237,

1239–40, 10th Cir. 2001). FTCA claims are exhausted via SF-95s (June 23, 2025, Exhibit A),

tolled from fraud discovery (August 2024, *Barnes v. United States*, 776 F.3d 1134, 1145, 10th Cir. 2015).

2. **No Prejudice**: ONB's prejudice claim (Doc. 151, citing *Bricker v. Furney*, 2017 WL 4387352, D. Kan. 2017) is baseless, as ONB was named in the original complaint (Doc. 1) and served, with no prior judicial dismissal (*FidoTV Channel, Inc. v. Inspirational Network, Inc.*, 2019 WL 4043940, D. Colo. 2019).

3. **Proper Joinder**: ONB's Rule 20 objection is invalid, as their SSN misuse arises from the same transaction or occurrence as other defendants' actions (Exhibit A, coordinated levies), satisfying FRCP 20(a)(2) (*Loggins v. Norwood*, 2020 WL 224544, D. Kan. 2020).


## V. SANCTIONS ON ONB'S COUNSEL ARE WARRANTED

ONB's denial of sanctions (Doc. 151, p. 9) is baseless, as Alsobrook and Griesmeyer's arguments violate FRCP 11(b):

1. **Bad-Faith Misrepresentation**: Their "unintelligible" and "bizarre conspiracy" labels (Doc. 194) ignore Exhibit A and Jamnik's email, misrepresenting our Christian stance (Romans 8:17) as "sovereign citizen rhetoric" (*United States v. Palmer*, 699 F. App'x 836, 838, 10th Cir. 2017, inapplicable).

2. **Safe Harbor Compliance**: We served a sanctions motion on Alsobrook on July 10, 2025 AD, providing 21 days to withdraw (until July 31, 2025 AD), per FRCP 11(c)(2), separately from other motions, specifying FRCP 11(b) violations.


## VI. REQUEST FOR RELIEF

1. Deny ONB's Motion to Confirm Dismissal or Dismiss (Doc. 151).

2. Grant Motion for Leave to File Second Amended Complaint (Doc. 182) and Supplemental

Motion (Doc. 184).

3. Impose FRCP 11(c) sanctions on Kathryn T. Alsobrook and Christopher S. Griesmeyer for

bad-faith filing, including reasonable expenses and pro se equivalent attorney's fees (~$5,000, 20

hours at $250/hour, *Kay v. Bemis*, 500 F.3d 1214, 1218, 10th Cir. 2007).

4. Grant further relief, as justice prevails (Colossians 2:14).


VII. CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Cameron E. Grant (Lewis

Brisbois Bisgaard & Smith LLP, 4600 Madison Avenue, Suite 700, Kansas City, MO

64112),Served on all 35 defendants and counsel (Ryan M. Peck, 300 N Mead St, Wichita, KS

67202; William Easley, One Kansas City Place 1200 Main Street, Suite 3800, Kansas City, MO

64105; Christopher Allman, 301 N Main St, #1200, Wichita, KS 67202; Adam G. Breeze, 8900

Indian Creek Pkwy, Overland Park, KS 66210; Kathryn T. Alsobrook, 700 West 47th Street,

Suite 410 Kansas City, Missouri 64112; William H. Henderson, 2300 Main St, Kansas City, MO

64108; United States, BIA, BFS, DHS, Office of Federal Student Aid (FSA), HHS, IRS, SSA,

USPS, U.S. Attorney, Attorney General; Kris Kobach, in his individual capacity, Scott Schwab,

in his individual capacity, Alexander Giannoulias, in his individual capacity, Dr. Sameer Vohra,

in his individual capacity, Kwame Raoul, in his individual capacity and others via USPS mail by

August 1, 2025 AD, despite USPS tampering (Exhibit A July 7, 2025 AD, USPS Tampering

Records)

/s/Timothy Joseph, Smithe and Mary Astor, Smithe,

Private Unalienable Christian Names Timothy and Mary, Co Heirs with Christ and Beneficiaries,

℅ 203 S Clarence Street, Wichita, Kansas

July 9, 2025 AD


Attachments: None (Exhibit A filed July 7, 2025 AD)