IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY AND MARY SMITHE,

Plaintiffs,

vs. Case No. 25-cv-1072-DDC-GEB

DIRECTOR, ILLINOIS DEPARTMENT
OF PUBLIC HEALTH, et al.,

Defendants.

**FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' AFFIDAVIT OF TRUTH AND MOTION FOR EQUITABLE RELIEF AND RESTITUTION (DOC. 223)**

Once again looking askance at the Federal Rules of Civil Procedure, Plaintiffs filed **AFFIDAVIT OF TRUTH AND MOTION FOR EQUITABLE RELIEF AND RESTITUTION** (DOC. 223). The opening paragraph states in part:

> Plaintiffs Timothy Joseph Smithe and Mary Astor Smithe, pro se, as co-heirs with Christ (Romans 8: 17: "Now if we are children, then we are heirs-heirs of God and co-heirs with Christ"), submit this Affidavit of Truth and Motion for Equitable Relief under the Court's equity jurisdiction (28 U.S.C. § 1331; Fed. R. Civ. P. 8(e)). We affirm under penalty of perjury that the following is tlue, seeking restoration as per God's Word (Joel 2:25: "I will repay you for the years the locusts have eaten"), with prose leniency (Haines v. Kerner, 404 U.S. 519, 520 (1972)). As Christians dead to the legal world but alive in Christ (Romans 6: 11: "Count yourselves dead to sin but alive to God in Christ Jesus"), we pursue this not for worldly gain but to be separate (2 Corinthians 6: 17: "Come out from them and be separate, says the Lord"), rendering to Caesar what is Caesar's (Matthew 22:21) while reclaiming what belongs to God.

*Id.* at 1. Although Plaintiffs initially suggest they are not seeking "worldly gain," on page three of the pleading, Plaintiffs ask for an "Award restitution/damages ($2 billion) for unjust gains on unalienable names, per biblical multiples. . ." *Id.* at 3. In paragraph 4, although the court has stayed discovery, *see* Docs. 169 and 171), Plaintiffs improvidently renew their request for

discovery: Grant discovery/subpoenas for full records, as key to truth (Matthew 7:7: "Seek and you shall find"). This honors "render to Caesar" while restoring under grace (Luke 19:8: Zacchaeus repaying fourfold in repentance). Grant relief as justice prevails (Micah 2:2 condemning defrauding inheritance). *Id.*

The United States, on behalf of the Bureau of Indian Affairs (BIA), Bureau of Fiscal Services (BFS), United States Department of Homeland Security (DHS), Department of Health and Human Services (HHS), Department of Education (DOE), Internal Revenue Service (IRS), Social Security Administration (SSA), the United States Attorney for the District of Kansas, the United States Attorney General, and United States Postal Service (USPS) (collectively referred to as the Federal Defendants) oppose Plaintiffs' Affidavit of Truth and Motion for equitable relief and injunctive relief or damages they seek. Although Plaintiffs' pleading does not expressly seek leave to amend their Amended Complaint, Plaintiffs pleading adds new claims to their Amended Complaint without seeking leave from the court to amend their claims yet again, *see, e.g.*, (Doc. 171),[1] and so should be denied as barred by Federal Rule of Civil Procedure 15 and also on the basis of futility. Alternatively, any "relief" requested by Plaintiffs should be denied as barred by sovereign immunity and frivolous as explained below.

---

[1] In the Text Order it states:

ORDER. Plaintiffs' Motion for Leave to Amend Complaint 164 fails to attach a proposed Amended Complaint as required by D. Kan. R. 15.1(a) and is denied without prejudice for refiling in accordance with the Local Rule. The Court construes Plaintiffs' Motions 72 Motion to Correct Defendant Names; 79 Motion for Order to Correct Names and Enforce Service; 82 Motion to Supplement 80 Amended Complaint; and 101 Motion to Correct Defendant Names as additional motions to amend the names and claims in the Complaint and denies them without prejudice for refiling as improper under D. Kan. R. 15 as well. Any refiled motion by Plaintiffs under D. Kan. R. 15 shall properly name all parties. IT IS SO ORDERED.

First, to the extent Plaintiffs' pleading purports to present admissible evidence, this case has not left the starting blocks and the time for presenting evidence has not commenced. All remaining defendants have sought dismissal of this case for either lack of subject matter jurisdiction, failure to state a plausible claim, or both. Nothing in any of Plaintiffs' responses demonstrates a cognizable claim in this case in which they, among so many doubtful claims, allege over fifty years of slavery. Plaintiffs' submission of "evidence" at this point in time is premature. Moreover, in regard to the information contained in the Affidavit of Truth, that information is essentially a summary of their religious beliefs and how they believe those passages from the Bible support their claims. Nothing in the Affidavit of Truth demonstrates that this court has subject matter jurisdiction over any of their claims or that any of their claims are cognizable.

Second, pursuant to Fed. R. Civ. P. 15(a)(1)(B), a party may amend its pleading once as a matter of course no later than "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Although Plaintiffs implicitly suggest otherwise, they must comply with the Federal Rules of Civil Procedure and the local rules of this court. Plaintiffs must comply with the Federal Rules of Civil Procedure and the rules of this court. *See Baker v. City of Loveland*, 686 F. App'x 619, 620 n.1 (10th Cir. 2017) ("[P]ro se litigants must comply with the Federal Rules of Civil Procedure . . . *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure."); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (pro se parties must follow the same rules of procedure that govern other litigants including the court's local rules); *Maghe v. Cody,* 982 F.2d 529 (10th Cir. 1992) ("While pro se petitions must be liberally construed, dismissal is proper for failure to comply with local rules."). Plaintiffs have already amended their Complaint once and have pending a motion for leave to file a Second

Amended Complaint (Doc. 182). Because this Affidavit of Truth and Motion for Equitable Relief is in reality adding new claims to this case, Plaintiffs must first seek leave of the court (or consent of the defendants which the Federal Defendants diametrically oppose) to amend their Amended Complaint. Fed. R. Civ. P. 15(a)(2). And under D. Kan. Rule 15.1, **Motions to Amend and For Leave to File**, to amend their Amended Complaint at this point in time, Plaintiffs must comply with these requirements:

> (a) Requirements of Motion. A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must:
>
> (1) set forth a concise statement of the amendment or leave sought;
>
> (2) attach the proposed pleading or other document; and
>
> (3) in the case of a proposed amended pleading, a non-pro se filer must also attach a redlined version of the proposed amendment that shows all proposed changes to the pleading; and
>
> (4) comply with the other requirements of D. Kan. Rule 7.1.

https://www.ksd.uscourts.gov/sites/ksd/files/MASTER%20COPY%20updated%208%2026%2024.pdf. Because Plaintiffs had neither leave of the court nor approval of the defendants, and because they also did not comply with the requirements of D. Kan. Rule 15.1, this court should deny the relief sought in the Affidavit of Truth and Motion for Equitable Relief on this basis alone.

In light of their proclivity to attempt to add new claims in this case on a whim, it is also worth noting that Plaintiffs' Affidavit of Truth and Motion for Equitable Relief and prior purported supplements to their Amended Complaints are also improper as a way to augment their claims in the Complaint because they are simply not permitted by the Federal Rules of Civil Procedure:

> To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the

> amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

*Graham v. Saline County Jail*, No. 24-3192-JWL, 2025 WL 81037, at *5 (D. Kan. Jan. 13, 2025). The court made this point clear to the Plaintiffs in its June 26, 2025, Order denying Plaintiffs' motion to amend and multiple follow-up motions seeking additional relief. *See* Doc. 171 (quoted in footnote 1).

Third, Plaintiffs should be denied leave to amend based upon futility. "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Although Plaintiffs cite references to the Bible, Plaintiffs cite no case law or statutes supporting the relief they seek. That is likely because the authority for Plaintiffs' bald request an "[i]njunction against further SSN misue" is non-existent." Doc. 223 at 3. The alleged "misuse" of Plaintiffs' Social Security number throughout this case is the fact that they have Social Security numbers. Plaintiffs cannot unilaterally terminate their Social Security numbers, nor does the court have that power. The Social Security Administration's website addresses this issue in a series debunking Social Security myths: "Persons working in employment covered by Social Security are subject to the FICA payroll tax. Like all taxes, this has never been voluntary. From the first days of the program to the present, anyone working on a job covered by Social Security has been obligated to pay their payroll taxes." *Debunking Some Internet Myths*, Social Security Administration, https://www.ssa.gov/histo ry/InternetMyths.html (last visited July 18, 2024).[2] Plaintiffs' claim

---

[2] "[G]overnment websites are self-authenticating under Fed. R. Evid. 902(5)." *Ray v. Core Carrier Corp.*, No. 20-CV-02448-JAR-TJJ, 2021 WL 1196444, at *4 (D. Kan. Mar. 30, 2021) *See, e.g.*, *Haines v. Home Depot U.S.A., Inc.*, No. 1:10-cv-01763, 2012 WL 1143648, at *8 (E.D. Cal. Apr. 4, 2012) ("Federal courts consider records from government websites to be self-

seeks relief which is not possible. Plaintiffs' Affidavit of Truth and Motion for Unjust Enrichment has no basis in reality and must be dismissed for lack of subject matter jurisdiction[3] or denied on the merits.

Courts addressing claims similar to the relief sought in Plaintiffs' request for injunctive relief have dismissed such claims as frivolous. In *In re Marcantel*, No. CV 23-180-BAJ-EWD, 2023 WL 3190435, at *5–6 (M.D. La. Apr. 3, 2023), *report and recommendation adopted*, No. CV 23-00180-BAJ-EWD, 2023 WL 3184315 (M.D. La. May 1, 2023), among other claims, plaintiff sought to renounce his Social Security number and Social Security account. In rejecting plaintiff's sovereign citizen arguments as frivolous, the court stated:

---

authenticating under Rule 902(5)." (citations omitted)); *Assoc. Indem. Corp. v. Small*, No. 06-00187-CV-W-REL, 2008 WL 11338112, at *12 (W.D. Mo. Feb. 20, 2008) (collecting cases).

[3] Subject matter jurisdiction can be raised at any time, and this Court has an independent duty to evaluate its jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.") (*citing and then quoting Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 101-102 (1998) ("For a court to pronounce upon [the merits] when it has no jurisdiction to do so," *Steel Co.* declared, "is . . . for a court to act ultra vires."); *see Zimmerman v. Univ. of Utah*, 2018 WL 10152221, at *5 (D. Utah) ("Subject-matter jurisdiction cannot be waived, and arguments going to the court's subject-matter jurisdiction can be raised at any time."); *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) ("Our subject-matter jurisdiction is a constitutional prerequisite to hearing a case and because it involves a court's power to hear a case, can never be forfeited or waived.").

If the court lacks subject matter jurisdiction, it cannot issue injunctive relief. *See, e.g., Singletary v. Conroy*, No. 24-CV-00145-NYW-KAS, 2025 WL 460924, at *9 (D. Colo. Feb. 11, 2025) ("To the extent that Plaintiff seeks injunctive relief under the Rehabilitation Act, there is no longer a live case or controversy for the Court to address and the Court lacks subject matter jurisdiction."), *report and recommendation adopted*, No. 24-CV-00145-NYW-KAS, 2025 WL 706003 (D. Colo. Mar. 5, 2025); *Lowery v. Miller*, No. 24-CV-204-SEH-JFJ, 2024 WL 3221716, at *2 (N.D. Okla. May 15, 2024) ("A federal court can only issue injunctive relief if it has subject matter jurisdiction over the claim and personal jurisdiction over the parties.") (*citing John Zink Company, LLC v. Robertson*, No. 22-CV-525-JFH-CDL, 2022 WL 17547786, at *2 (N.D. Okla. Dec. 9, 2022)).

> "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." "And sovereign citizens often attempt to use their beliefs to, among other things, 'extinguish debts.'" "But sovereign citizen legal arguments and theories 'are not valid in the courts of the United States' and have been overwhelmingly rejected for years as frivolous and 'indisputably meritless.'" "Further, claims 'that seem to derive from the so-called 'sovereign[-]citizen movement' are legally frivolous."
> "It is common for sovereign citizens to utilize particular frivolous theories, such as claiming to copyright their own names and filing supposed UCC financing statements that exempt them from taxation by becoming a 'secured party' or 'secured creditor.'" However, "these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." Consequently, courts routinely dismiss sovereign citizen claims—like those that appear to be contained in Marcantel's Complaint, acts, notices, affidavits, and stipulations—as frivolous and without merit.

*Id.* at *5–6 (footnotes/citations omitted). *See Arnold v. U.S.*, No. 14-719, 2014 WL 3858456, at *1 (W.D. La. Aug. 5, 2014) (noting that petition seeking to renounce citizenship, social security number, and name was dismissed as frivolous).

Finally, Plaintiffs' claims for unjust enrichment and restitution are barred by sovereign immunity:

> Initially, the court agrees with SBA that it lacks jurisdiction over Counts IV and VI. With resect to the Count IV unjust enrichment claim, the United States has not waived sovereign immunity for unjust enrichment claims. *See United States v. Craig*, 694 F.3d 509, 513 (3d Cir. 2012) ("[W]e [are not] aware of any general waiver of sovereign immunity for unjust enrichment claims. Moreover, fairness or policy reasons cannot by themselves waive sovereign immunity." (internal quotation marks omitted)); *see also Westbay Steel, Inc. v. United States*, 970 F.2d 648 (9th Cir. 1992) (observing the FTCA does not contain a waiver of sovereign immunity for equitable claims); *Sumwalt v. U.S. Department of Veterans Affairs*, No. 3:13-cv-00367, 2013 WL 6056602, at *4 (W.D.N.C. Nov. 15, 2013) (observing that those courts that have addressed the issue have held that unjust enrichment is not a tort claim, but a claim made in furtherance of establishing the existence of an implied contract, which is barred by the FTCA).

*Conboy v. U.S. Small Bus. Admin.*, No. CV 3:18-224, 2020 WL 1244352, at *8 (M.D. Pa. Mar. 16, 2020), *aff'd sub nom. Conboy v. United States Small Bus. Admin.*, 992 F.3d 153 (3d Cir. 2021).

*See Sabir v. Williams*, No. 3:20-CV-0008 (VAB), 2020 WL 3489522, at *6 (D. Conn. June 26, 2020) (dismissing claims for unjust enrichment against the United States under 28 U.S.C. § 2680(h)); *Mohamed v. F.B.I.*, No. 14 CV 7615 (CM), 2015 WL 6437369, at *5 (S.D.N.Y. Oct. 21, 2015) (dismissing claim seeking constructive trust to prevent unjust enrichment, and claims of misappropriation, embezzlement, and conversion because they arose from plaintiff's misrepresentation claim); *In re Grabis*, No. 13-10669 (JLG), 2018 WL 1508754, at *6–9, n.22 (Bankr. S.D.N.Y. Mar. 26, 2018) (dismissing unjust enrichment claim as barred by sovereign immunity); *TransAmerican Nat. Gas Corp. v. U.S. Dep't of Interior*, 816 F.2d 689, 694 (Temp. Emer. Ct. App. 1987) (claims for restitution barred by sovereign immunity); *Tillett v. Bureau of Land Mgmt.*, No. CV-15-48-BLG-SPW-CSO, 2016 WL 1312014, at *8 (D. Mont. Apr. 4, 2016) ("The Court lacks subject matter jurisdiction over Tillett's claim for restitution against BLM."), *report and recommendation adopted*, No. CV 15-48-BLG-SPW, 2016 WL 2917309 (D. Mont. May 18, 2016), *aff'd*, 696 F. App'x 264 (9th Cir. 2017).

**Conclusion**

The relief sought in Plaintiffs' Affidavit of Truth and Motion for equitable relief should be denied and their claims against the Federal Defendants should be dismissed for lack of subject matter jurisdiction. Plaintiffs should also be admonished again that if they seek to add new claims that they must seek leave to amend their Amended Complaint again in the manner required by Rule 15 and the local rules of this court.

Respectfully Submitted,

DUSTON J. SLINKARD
Acting United States Attorney
District of Kansas

/s/ Christopher Allman
CHRISTOPHER ALLMAN

Assistant United States Attorney
Ks. S.Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
Email: chris.allman@usdoj.gov

Attorneys for the United States Federal Defendants

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2025, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of filing to all CM/CMECF participants for this case.

The Federal Defendants also mailed a copy of this response to non-CM/ECF participant Mary Smithe by first class mail to this address:

Mary Astor Smithe
203 S. Clarence St.
Wichita, KS 67213

/s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney