IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY JOSEPH SMITHE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 25-cv-01072-DDC-GEB |
| ILLINOIS DIRECTOR OF PUBLIC HEALTH, et al., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT CITIBANK, N.A. AND CITIMORTGAGE, INC.'S MOTION TO DISMISS AND JOINDER TO JPMORGAN CHASE BANK, N.A.'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CORRECTED AMENDED COMPLAINT [ECF 219]**

Defendants Citibank, N.A. and CitiMortgage, Inc.[1] (collectively, "Citi") move to dismiss Plaintiff Timothy Joseph Smithe and Mary Astor Smithe's ("Plaintiffs") Amended Complaint [ECF 219], corrected pursuant to the Court's Order Granting in Part and Denying in Part Defendant Fidelity Brokerage Services, LLC's Motion to Strike Plaintiffs' Improper Amendments [ECF 216] (the "Complaint") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

In support of this Motion, and in the interest of judicial economy, Citi joins with and incorporates the arguments and authorities set forth in JPMorgan Chase Bank, N.A.'s Suggestions in Support of its Motion to Dismiss Plaintiffs' Corrected Amended Complaint [ECF 270] (the "Chase Motion"). Citi joins with the Chase Motion because it is also Citi's position that the Court

---

[1] Citi notes that CitiMortgage, Inc. was not included as a party in Plaintiffs' previous Amended Complaint [ECF 80] and it is unclear whether Plaintiffs intended to dismiss it as a party. CitiMortgage, Inc., however, joins in this Motion in an abundance of caution and to prevent default, but reserves all rights relating to its omission from ECF 80 or Plaintiffs' dismissal of it from this action.

lacks subject matter jurisdiction over the Complaint because, among other reasons set forth in the Chase Motion, Plaintiffs' allegations concerning broad and implausible conspiracies do not present a substantial federal claim.

It is also Citi's position that the Complaint fails to state a claim for relief because Plaintiffs improperly conflate all Defendants and make no specific allegations concerning Citi. Like Chase, the only reference to Citi is in the "Exhibit A: List of Additional Defendants," which purports to set forth "[a]dditional defendants . . . including private entities . . . that profited from Plaintiffs' stolen labor, contrary to God's justice (James 5:4)." Complaint at pp. 3; 10-11. Such pleading fails to state a claim against Citi because it improperly conflates the alleged actions of all the private Defendants and contains no facts specific to Citi which would support a claim for relief. Finally, it is also Citi's position that the Complaint fails to state a claim because it relies on "sovereign citizen" legal theories that have been routinely rejected by this and other courts.

WHEREFORE, Citi requests that the Court enter an Order dismissing the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ William J. Easley
William J. Easley, MO #70041
1200 Main Street, Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
Facsimile: (816) 855-3300
will.easley@bclplaw.com

ATTORNEY FOR DEFENDANT
CITIBANK, N.A. AND CITIMORTGAGE, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2025, I electronically filed the foregoing with the Court via its electronic filing system, which sent notification of such filing to all parties of record and sent a copy of the foregoing by US Mail to Plaintiffs at:

Mary Astor Smithe
c/o Timothy Joseph Smithe
203 S. Clarence St.
Wichita, KS 67213

                                          /s/ *William J. Easley*
                                          Attorney for Citibank, N.A. and CitiMortgage, Inc.