UNITED STATES DISTRICT COURT FOR KANSAS
AT WICHITA

| | |
|---|---|
| TIMOTHY JOSEPH SMITHE FOREIGN GRANTOR TRUST and MARY ASTOR SMITHE FOREIGN GRANTOR TRUST,<br><br>      **Plaintiffs,**<br><br>v.<br><br>OCWEN FINANCIAL, et al.,<br><br>      **Defendants.** | **CIVIL ACTION NO.**<br>**6:25-CV-01072-DDC-GEB** |

### DEFENDANT CAPITAL ONE, N.A., SUCCESSOR BY MERGER TO DISCOVER BANK'S MOTION TO DISMISS CORRECTED AMENDED COMPLAINT

COMES NOW Defendant Capital One, N.A., successor by merger to Discover Bank[1] ("Discover"), incorrectly identified in the Complaint as "Discover Financial," by and through its undersigned counsel, and hereby moves this Court to dismiss the corrected Amended Complaint (Doc. 219) ("Amended Complaint") filed by Plaintiffs Timothy Joseph Smithe and Mary Astor Smithe ("Plaintiffs") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Discover states as follows:

### I. INTRODUCTION

Plaintiffs' claims in this action are incomprehensible and frivolous. As alleged in the Amended Complaint, Plaintiffs appear to believe that, based on their belief in a divine exemption from legal and financial obligations, all debts they have ever incurred should be wiped clean and they should be entitled to compensation of $2 billion "in unlimited credit, non-taxable" dollars. Based on these assertions, the Amended Complaint generally identifies claims for injunctive relief,

---

[1] Pursuant to a merger agreement, on May 18, 2025, Discover Bank merged with Capital One, N.A., with Capital One, N.A. as the surviving entity. Capital One, N.A. is the successor by merger to Discover Bank.

fraud, identity theft, breach of fiduciary duty, and general equitable relief, purportedly against at least thirty-two named defendants. Not only are these claims entirely devoid of merit on their own, but Plaintiffs have also failed to satisfy the basic pleading requirements of this Court. Rather than file a "short and plain statement" of the claims, Plaintiffs have filed a "shotgun pleading," which does not identify a single factual allegation against Discover. Discover therefore moves the Court to dismiss all claims against it in this action.

## II.  STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even where Plaintiffs proceed *pro se*, the complaint "must still 'set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action.'"

*McCafferty v. City of Salina, Kansas*, No. 25-1018-JWB-BGS, 2025 WL 977505, at *2 (D. Kan. Feb. 19, 2025) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). "The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings 'does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Thus, where a *pro se* plaintiff's complaint fails to satisfy the court's pleading requirements, the court is "compelled" to dismiss the claims. *See id.*

### III.  ARGUMENT

The Amended Complaint violates the pleading requirements in Rule 8(a)(2) and is therefore an improper shotgun pleading subject to dismissal. "By way of definition, a shotgun pleading 'is a type of pleading that contains several counts or causes of action, each of which incorporates by reference the entirety of its predecessors.'" *Cantley v. Jacobson Holdings, Inc.*, No. 2:24-cv-02071-EFM-BGS, 2024 WL 2321083, at *2 (D. Kan. May 22, 2024) (quoting *Elect. Payment Sys., LLC v. Elec. Payment Sols. of Am. Inc.*, No. 14-cv-02624-WYD-MEH, 2018 WL 6790307, at *1 (D. Colo. Nov. 28, 2018)). Shotgun pleadings include complaints that "fail[ ] to connect [the] separate claims to the Complaint's hundreds of factual allegations," "fail[ ] to identify each individual defendant's culpable actions," or "list[ ] various federal statutes and codes, with little or no explanation as to how these codes are relevant, how they have been violated, or specifically who is alleged to have violated each of them." *Hart v. Salois*, 605 App'x 694, 701 (10th Cir. 2015); *McCafferty*, 2025 WL 977505, at *3. "The Tenth Circuit has made clear that 'shotgun pleadings' are impermissible." *Cantley*, 2024 WL 2321083, at *2 (citing *Hart*, 605 App'x at 701; *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989)).

Here, the Amended Complaint undoubtedly constitutes an impermissible "shotgun pleading." The factual allegations are all muddled together in a short series of paragraphs, making

vague and generalized references to conduct by "Defendants" collectively. (*See* Doc. 219 at 4–5.) Notably, there is not a single allegation about Discover separate from "Defendants" as a whole. (*See id.*) The Amended Complaint then lists five claims against "Defendants," again failing to identify which defendant each claim is brought against. (*See id.* at 5–6.) The purported "Addendum" fails to add any factual context sufficient to state a valid claim against Discover. (*See id.* at 8–9.) The Amended Complaint thus fails to connect the claims to Plaintiffs' factual allegations, fails to identify Discover's culpable actions, and merely lists the various claims "with little or no explanation as to how these [claims] are relevant, how they have been violated, or specifically who is alleged to have violated each of them." *McCafferty*, 2025 WL 977505, at *3. The Amended Complaint is wholly deficient. Discover therefore moves the Court to dismiss all claims against Discover as an improper shotgun pleading.

## IV.    CONCLUSION

The Amended Complaint is incomprehensible and, as a shotgun pleading, fails to state a valid claim for relief against Discover. For the foregoing reasons, the Court should dismiss all claims against Discover under Rule 12(b)(6).

WHEREFORE, Capital One, N.A., successor by merger to Discover Bank, respectfully requests that this Court enter an Order dismissing all claims against it, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this 28th day of June, 2025.

*/s/ Ryli W. Leader*
Ryli W. Leader (D. Kan. Bar No. 79066)
BURR & FORMAN LLP
101 S. Tryon Street, Suite 2610
Charlotte, North Carolina 28280
Telephone: (704) 347-1170
Facsimile: (704) 347-4467

rleader@burr.com

Counsel for Defendant
CAPITAL ONE, N.A., SUCCESSOR BY MERGER TO DISCOVER BANK

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2025, a copy of the foregoing document was electronically filed with the Clerk of the District Court by using the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record and via U.S. Mail to the following:

Timothy Joseph Smithe<br>
Mary Astor Smithe<br>
203 S. Clarence Street<br>
Wichita, Kansas 67213<br>
<i>Plaintiffs</i>

/s/ Ryli W. Leader
Ryli W. Leader
OF COUNSEL