IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY AND MARY SMITHE,

Plaintiffs,

vs.                                              Case No. 25-cv-1072-DDC-GEB

DIRECTOR, ILLINOIS DEPARTMENT
OF PUBLIC HEALTH, et al.,

Defendants.

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS (DOC. 246) PLAINTIFFS' CLAIMS AGAINST THE BIA, BFS, DHS, DOE, HHS, IRS, SSA, THE UNITED STATES ATTORNEY FOR THE DISTRICT OF KANSAS, THE UNITED STATES ATTORNEY GENERAL, AND USPS**

On July 21, 2025, the Federal Defendants filed a fifteen page motion to dismiss challenging the Plaintiffs' Amended Complaint on the basis of subject matter jurisdiction for failing to present a case or controversy under Article III of the United States Constitution, and that even if the court did not dismiss this frivolous case on that basis that their claims against the federal defendants for 47 years of "stolen labor" are either barred by sovereign immunity, are untimely, or wholly implausible. (Doc. 246).

Plaintiffs' five-page response to the Federal Defendants' motion to dismiss is largely unintelligible and in no way demonstrates that this court has subject matter jurisdiction over their claims for $2 billion against the Federal Defendants—particularly when the body of the Amended Complaint does not even mention several of the Federal Defendants or what each did. Plaintiffs' response boils down to these arguments:

    1. This court has subject matter jurisdiction because they "[r]eject all sovereign theories—this is biblical faith alone, as co-heirs refusing two masters" (Doc. 260 at 4) and that their claims are based upon excerpts from the Bible and their belief that "our

>Bible citations show faith basis, not frivolity. Jurisdiction exists-deny dismissal, as we serve one Master" (*Id.* at 3) and that "[s]overeign immunity yields to God's justice." (*Id.* at 4.).

>2. That their claims for "stolen labor" are not a direct suit for slavery but instead are claims that "expose servitude via SSN joinder, not direct 13th suit—it's fraud/usury causing bondage outside grace." *Id.*

>3. A repeated ad hominem attack on counsel for the Federal Defendants.

Nothing Plaintiffs present demonstrates any valid claim against the Federal Defendants and this case should be dismissed for lack of subject matter jurisdiction or failure to state a plausible claim.

"'Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.'" *Kansas v. Pfizer, Inc.*, No. 24-1128-DDC-BGS, 2025 WL 1394240, at *2 (D. Kan. May 14, 2025) (*quoting Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013)) (*quoting Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)). This Court's jurisdiction is established by the Constitution and acts of Congress. *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982), and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, *id.* at 701-02."). Apparently conceding that neither Kansas state statute identified in their Amended Complaint (Doc. 219) is a basis for subject matter jurisdiction over their claims, they take the tack that the Bible is the basis for this court's subject matter jurisdiction over their claim. They are simply wrong and can point to no federal case supporting that position:

>Under Art. III, § 2 of the United States Constitution, the United States Federal Courts were created to resolve actual cases and controversies arising under the Constitution and the laws of the United States. A federal court is not a forum for debate or discourse on theological matters. Other forums, freely accessible to citizens of the United States, exist for the purpose of addressing questions of religious doctrine. This is a court of law, and "'[t]he law knows no heresy, and is

>committed to the support of no dogma, the establishment of no sect.'" *United States v. Ballard,* 322 U.S. 78, 86, 64 S. Ct. 882, 88 L. Ed. 1148 (1944) (quoting *Watson v. Jones,* 80 U.S. 679, 728, 13 Wall. 679, 20 L. Ed. 666 (1871)).

*Driskell v. Homosexuals*, 533 B.R. 281, (Mem)–282 (D. Neb. 2015). "Because federal courts are courts of limited jurisdiction, a presumption against jurisdiction exists, and the party invoking federal jurisdiction bears the burden to prove it exists. *Barroca v. United States*, No. 19-2688-DDC-TJJ, 2021 WL 274505, at *1 (D. Kan. Jan. 27, 2021) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Moreover, the United States cannot be sued for constitutional or intentional torts, *see* 28 U.S.C. § 2680(h) (waiver of sovereign immunity does not extend to claims arising out of assault, battery or other specified intentional tort claims); *Greenlee v. USPS*, 247 F. App'x 953, 954 (10th Cir. 2007) ("As for Greenlee's allegations that the Postal Service has intentionally and directly harmed him and his property, his claims fall outside the FTCA—and the district court's jurisdiction—because of the FTCA's intentional tort exception."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994) (constitutional tort claims against the United States are barred by sovereign immunity); or for *Bivens* claims. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies) (citations omitted). In regard to Plaintiffs' "stolen labor" claim, those claims for intentional torts are barred by the FTCA. Confronted with case law that demonstrates no private cause action exists under the Thirteenth Amendment, Plaintiffs now suggest that those claims are not based upon the Thirteenth Amendment but some amorphous and unclear claims that "expose servitude via SSN joinder, not direct 13th suit—it's fraud/usury causing bondage outside grace." That claims still sounds like it is

alleging a sovereign citizen like claim for slavery, but whatever it is, it seemingly is some kind of implausible intentional tort claim against the Federal Defendants barred by sovereign immunity.

Plaintiffs' claims for unjust enrichment are also barred by sovereign immunity. *Conboy v. U.S. Small Bus. Admin.*, No. CV 3:18-224, 2020 WL 1244352, at *8 (M.D. Pa. Mar. 16, 2020), *aff'd sub nom. Conboy v. United States Small Bus. Admin.*, 992 F.3d 153 (3d Cir. 2021). Plaintiffs' response offers no real answers to the Federal Defendants' arguments that the Amended Complaint also fails because the United States is the only proper defendant under the Federal Tort Claims Act (FTCA), because the Plaintiffs cannot demonstrate that they exhausted their administrative remedies under the FTCA before filing this suit,[1] because Plaintiffs' tort claims arising out of the collection of taxes are barred by 28 U.S.C. § 2680(c), and because most of Plaintiffs' tort claims against the Federal Defendants are time barred by the FTCA's two year

---

[1] As this court explained in *Barroca:*

> But, "[a]s a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (first citing 28 U.S.C. § 2675(a); then citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); then citing *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 273 (10th Cir. 1991)); *see also Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) (explaining § 2675(a) "requires that the claim first be presented to the appropriate federal agency and be finally denied by the agency before a court can exercise jurisdiction over an FTCA action"). To satisfy the exhaustion requirement, a claimant must file an administrative claim with the appropriate federal agency. *Barnes*, 137 F. App'x at 187; *see also Moya v. United States*, 35 F.3d 501, 503 (10th Cir. 1994). The administrative claim must include: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (citations and internal quotations marks omitted).

2021 WL 274505, at *8.

statute of limitations, *see* 28 U.S.C. § 2401(b), and Plaintiffs allege no plausible basis to equitably toll the time to file those claims by over four decades.

Finally, joining the annals of pro se plaintiffs who brought frivolous civil cases against one or more federal defendants like *Farr III*,[2] plaintiffs make an ad hominem attack on undersigned counsel analogizing him to the Pharoh in ancient Egypt.  Every argument advanced by counsel for the Federal Defendants has been based upon clearly established principles of sovereign immunity, federal subject matter jurisdiction, federal statutes and relevant case law— which is essentially the same legal analysis used by defense counsel in many prior cases to defeat over a trillion dollars in claims against the United States, its agencies, or employees.  That Plaintiffs choose to ignore that binding precedent does not demonstrate that this court has subject matter jurisdiction over their frivolous claims.  Plaintiffs' personal and malicious attacks only further exacerbate the feeble nature of their baseless claims spanning forty-seven years.

Plaintiffs' claims against the Federal Defendants in the Amended Complaint are wholly devoid of any merit and not based upon any reasonable perception of reality.  In short, Plaintiffs cannot demonstrate that this Court has subject matter jurisdiction over any of their fanciful claims and Plaintiffs' claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction or failure to state a plausible claim.

                                                Respectfully Submitted,

                                                RYAN A. KRIEGSHAUSER
                                                United States Attorney
                                                District of Kansas

---

[2] In *Farr III,* the plaintiff actually sued AUSA Allman for $18,000,00 for among other things, allegedly conspiring with the CIA to use a "cloak of invisibility" to steal documents from her home that were relevant to unsuccessful bid for Congress. That case was dismissed by this Court and filing restrictions were imposed against the plaintiff.  *See Farr v. United States Gov't*, No. 22-2476-DDC-GEB, 2023 WL 4286115, at *12 (D. Kan. June 30, 2023).

/s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S.Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
Email: chris.allman@usdoj.gov

Attorneys for the United States Federal Defendants

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of filing to all CM/CMECF participants for this case.

The Federal Defendants also mailed a copy of this response to Plaintiffs by first class mail to this address:

Mary Astor Smithe
203 S. Clarence St.
Wichita, KS  67213

/s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney