# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Timothy Joseph Smithe and Mary Astor Smithe<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>American Express, Bank of America,<br>Bureau of Fiscal Service,<br>Bureau of Indian Affairs,<br>Byline Bancorp, Inc., Capital One,<br>Citibank, N.A., CitiMortgage, Inc.,<br>Department of Health and Human Services, Secretary of, Department of Homeland Security, Education, Department of the United States, Social Security Administration Commissioner, Discover Financial Services,<br>Internal Revenue Service, Commissioner of, Fidelity Investments, H&R Block,<br>JPMorgan Chase Bank, N.A., Lake Mortgage, Ocwen Financial Corp., Old National Bank, TriState Capital Bank, US Bank,<br>United States Attorney,<br>United States Attorney General,<br>United States Postal Service, Postmaster General, Wells Fargo, Wintrust Financial Corp.,<br>Secretary of, Illinois Attorney General,<br>Illinois Department of Public Health, Director of, Illinois Secretary of State,<br>Kansas Attorney General, and<br>Kansas, State of, Secretary,<br><br>　　　　　　Defendants. | Case No. 25-1072-DDC-GEB |

# REPORT AND RECOMMENDATION FOR DENIAL OF PLANTIFFS' MOTION FOR LEAVE TO AMEND (ECF Nos. 182 and 184) AND MEMORANDUM AND ORDER

This matter is before the Court to decide three motions. They are: 1) Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 182) and Supplement (ECF No. 184);[1] 2) Defendant Bank of America's Motion to Strike (ECF No. 220); and 3) Defendant Citibank, N.A.'s Motion to Join JPMorgan Chase Bank's Reply (ECF No. 297). After review of the plethora of pleadings in response, reply, and in opposition thereto,[2] and for the reasons outlined below, the Court **RECOMMENDS DENIAL** of Plaintiffs' Motion **(ECF Nos. 182 & 184)**. Further, after review of Defendant, Bank of America's Motion to Strike, Plaintiffs' Response (ECF No. 235), and Defendant's Reply (ECF No. 236) the Court **DENIES** Defendant Bank of America's Motion **(ECF No. 220)**. Finally, after review of Citibank, N.A.,'s request to join JP Morgan's reply as unopposed, the Court **GRANTS** Defendant Citibank, N.A.'s Motion **(ECF No. 297)**.

## I. Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to Fed. R. Civ. P. 72(b)(2), file written

---

[1] The Court notes Plaintiffs' initial motion (ECF No. 182) lacks a short and plain statement of the amendment sought per D. Kan R. 15. Where pro se pleadings are construed liberally, the Court considered Plaintiffs' Supplement (ECF No. 184), stating a reason for amendment, to satisfy the procedural requirements for the motion under D. Kan. R. 15. For any future motions Plaintiffs may be allowed to file they are to refer to the Local Rules and abide by their procedural requirements.
[2] Plaintiffs filed 21 replies for this Motion (ECF Nos. 190, 203, 205, 206, 213, 214, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 237, 238, 239, 244, and 247). When a party files a motion, the opposing party may submit one response, and the moving party may submit one reply. D. Kan. Rule 7.1(c).

objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party seeks appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

**II.     Background**[3]

This matter commenced on April 21, 2025 with the filing of Plaintiffs' original Complaint (ECF No. 1). As far as the Court can discern, Plaintiffs many complaints and amended pleadings allege claims of fraud, identity theft, involuntary servitude, trespass, and unjust enrichment against a multitude of federal, private, and state Defendants. Plaintiffs base their claims on alleged misuse of Plaintiffs' Social Security Numbers to effect "tax theft", "unlawful levies", and "identity theft" against Plaintiffs to the tune of $2 billion between 1965-2025.

Plaintiffs have been granted leave to amend their complaint once. On June 4, 2025, the Court granted Plaintiffs' refiled Motion for Leave to Amend their Complaint (ECF Nos. 33 and 68). However, on June 9, 2025, Plaintiffs filed a pleading titled Amended Complaint (ECF No. 80), and then a motion to supplement the Amended Complaint (ECF No. 82). Because the Amended Complaint and Supplement failed to match the pleading Plaintiffs were granted leave for (ECF No. 33-1), the Court subsequently ordered the correct Amended Complaint to be filed (ECF No. 216), and the operative Amended Complaint in this case was filed on July 14, 2025 (ECF No. 219).

---

[3] Unless noted otherwise, the information in this section is taken from the Amended Complaint (ECF No. 219) and the Second Amended Complaint (ECF No. 182-1). This background information should not be construed as judicial findings or factual determinations.

Now, Plaintiffs have filed yet another refiled Motion for Leave to Amend.[4] This motion attaches an amended pleading purportedly "to clarify claims against [the] 35 defendants."[5] Plaintiffs contend the amendment corrects clerical errors and clarifies the parties. Upon review, however, the named Defendants in the operative Amended Complaint and proposed Amended Complaint are vastly different, as they have been in each of Plaintiffs' pleadings. The Court views these continuing discrepancies to be purposeful, continuing efforts to muddy the water for the Court as to the parties involved in the action. As far as the Court can tell from the proposed amended pleading, Plaintiffs seek to add the following Defendants to the 32 Defendants currently being sued. They are: 1) the United States, 2) the City of Wichita, 3) Wichita Water Utilities, 4) Evergy, 5) Kansas Gas Service, and 6) five individual Defendants (Alex Giannoulias, Kwame Raoul, Kris Kobach, Scott Schwab, and Dr. Sameer Vohra). Plaintiffs further seek to replace two parties they contend were incorrectly named originally, Fidelity Investments and the Department of Education, with: 1) Fidelity Brokerage Services LLC and 2) the Office of Federal Student Aid. Lastly, Plaintiffs make a rambling list of other amendments this pleading seeks to accomplish: 1) "correcting Charles Schwab typo", 2) clarifying Old National Bank as the successor to First Midwest Bank, 3) "adding Tristate Capital Bank", 4) updating Plaintiffs' address to omit their zip code, and 5) updating service dates for multiple Defendants.

---

[4] The Court denied the prior motion (ECF No. 164) for failure to attach the amended pleading per D. Kan. R. 15.1(a) (ECF No. 171).
[5] ECF No. 184 at 2.

All briefing on the Motion for Leave to Amend (ECF Nos. 182 and 184) is complete and therefore ripe for determination. Briefing is also complete on Defendant Bank of America's Motion to Strike (ECF No. 220) and it is also ripe for determination. The Court further GRANTS Defendant Citibank, N.A.'s Motion to Join JPMorgan Chase Bank's Reply (ECF No. 297) where there was no responsive briefing in opposition.

### III. Motion for Leave to Amend (ECF Nos. 182 and 184)

The standard for permitting a party to amend their pleadings is well established. A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this, where the time to amend as a matter of course has passed without the opposing party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2) which provides leave "shall be freely given when justice so requires."

The decision to grant or deny leave to amend is within the sound discretion of the Court.[6] And, "[I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[7] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the

---

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[7] *Id.*

5

rules require, be 'freely given.'"[8] However, futility of amendment is adequate justification to deny leave to amend.[9] A court is "justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[10]

A complaint must plead sufficient facts to state a claim for relief that is plausible on its face in order to withstand a motion to dismiss.[11] All well-pleaded facts are accepted as true.[12] Additionally, all reasonable inferences derived from such facts are viewed in the light most favorable to Plaintiff.[13] However, conclusory allegations without supporting facts are insufficient to state a claim.[14] Thus, in analyzing the sufficiency of a plaintiff's complaint the Court need accept as true only the well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party.[15]

This Court is required to liberally construe Plaintiffs' Motion as they proceed pro se.[16] However, it is not proper for the Court to assume the role of advocate for Plaintiffs.[17] The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiffs]; when each

---

[8] *Id.*
[9] *Schepp v. Fremont Cnty.,* 900 F.2d 1448, 1451 (10th Cir. 1990) (citing *Davis*, 371 U.S. at 182).
[10] *Id.*
[11] *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).
[12] *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).
[13] *Archuleta,* 523 F.3d at 1283.
[14] *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998).
[15] *Id.*
[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[17] *Id.*

defendant did it; how the defendant's action harmed [the plaintiffs]; and, what specific legal right the plaintiff believes the defendant violated."[18] And the Court will not supply "additional factual allegations to round out a plaintiff's complaint or construct a theory on plaintiff's behalf."[19]

Claims that present bizarre conspiracy theories or describe fantastical government manipulations are regularly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.[20] Courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions ... or otherwise completely devoid of merit as not to involve a federal controversy."[21] Privately held religious beliefs also cannot be converted to claims for legal relief against the federal government.[22] And this Court regularly denies amendment of a complaint where parties delay the progress of a case and waste Court

---

[18] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).
[19] *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).
[20] *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003); *Stanton v. Unknown Agent or Agency*, No. 17-CV-2120-DDC, 2017 WL 1289985, at *2 (D. Kan. Apr. 6, 2017) (dismissing plaintiff's complaints under 28 U.S.C. § 1915(e)(2)(B) because his allegations that unidentified government agencies and agents were surveilling him failed to state a claim for relief), *aff'd*, 697 F. App'x 586 (10th Cir. 2017); *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *3 (D. Kan. Apr. 2, 2010), *aff'd*, 391 F. App'x 745 (10th Cir. 2010) (dismissing claims based on allegations that "President George W. Bush and the Department of Homeland Security...authorized Wichita area hospitals ... to use a 'steroid cocktail' to try and cause death[,]" to plaintiff). The court agrees with defendants. Plaintiff's claims are "insubstantial, implausible, [and] foreclosed by prior decisions[.]"); *Farr v. U.S. Govt.*, No. 22-2476-DDC, 2023 WL 4286115, at *6 (D. Kan. June 30, 2023).
[21] *Aebersold*, 71 F. App'x at 9.
[22] *Hepburn v. U.S.*, No. 24-6045, 2024 WL 3287252, at *2 (10th Cir. July 3, 2024), cert. denied, 145 S. Ct. 576 (2024).

resources by seeking to perpetually add defendants without any legally cognizable claims.[23]

Here, Plaintiffs' claims are clearly based on a fantastical conspiracy theory and religious belief regarding misuse of their social security numbers. Their proposed amendment would be subject to dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Rule 12(b)(6). Plaintiffs' claims in the proposed amendment, and in their attempts to cure deficiencies through replies to this motion, fail to explain what each Defendant did to the Plaintiffs, when each Defendant did it, how any Defendants' action harmed these Plaintiffs, and what specific legal rights the Plaintiffs believe Defendants violated. And, while Plaintiffs contend their amendment raises claims with federal question jurisdiction under 18 U.S.C. § 1341 for mail fraud, 15 U.S.C. § 1681 the Fair Credit Reporting Act, and 28 U.S.C. § 1346(b) the Federal Tort Claims Act, Plaintiffs' continuous rambling and conclusory allegations of "tax theft", "unlawful levies", and "identity theft" are grossly implausible, such that they fail to raise a claim with a federal case and controversy under any of these acts.[24]

---

[23] *See Cheatham v. Dedeke*, No. 22-3132-TC, 2024 WL 4227230, at *1 (D. Kan. Sept. 18, 2024); *Mercado v. Arrow Truck Sales, Inc.*, No. 23-2052-HLT, 2024 WL 3858839, at *5 (D. Kan. Aug. 19, 2024) (denying amendment where the filing of the proposed amended complaint would unduly delay the action by service of additional defendants, additional discovery, and further delay of the trial setting); *Lynn v. Simpson*, No. 97-3209-JWL, 1999 WL 33177298 (D. Kan. Nov. 22, 1999) (denying plaintiff's motion to amend to add additional defendants and new claims because the amendment would unduly delay the original action).

[24] Plaintiffs failed to say which Defendants sent them mailings or articulate a scheme of fraud for a claim under the mail fraud act. *See AgriStor Leasing v. Meuli*, 634 F. Supp. 1208, 1224 (D. Kan. 1986) (citing *Pereira v. United States*, 347 U.S. 1, 8 (1954)) ("In order to prove mail fraud under 18 U.S.C. § 1341, it must be shown that defendant: (1) devised a scheme or artifice to defraud, and

Even if Plaintiffs did somehow raise a federal case or controversy in their amendment, they still fail to plead any claim upon which relief could be granted. For example, Plaintiffs' claims for relief request $2 billion in damages, yet fail to specify any dates or amounts of theft or fraud, attributed to any Defendants, justifying such damages. Plaintiffs' claims for relief also fail to specify the dates of any action by Defendants, rather opting for a date range going back to 1965, placing any possible claim presented into a statute of limitations issue warranting dismissal.[25] Where none of Plaintiffs' proposed

---

(2) then used the mails for the purpose of executing the scheme."). Plaintiffs further fail to cite the provision of the Fair Credit Reporting Act they are taking action under, making their claim implausible as there may not be private right of action and Plaintiffs allege no elements of a claim under § 1681s–2(b)(1). *See Keller v. Bank of Am., N.A.*, 228 F. Supp. 3d 1247, 1255 (D. Kan. 2017) (describing how Congress did not create a private right of action for violation of 15 U.S.C. § 1681s–2(a) and in order to state a claim under § 1681s–2(b)(1) a plaintiff must plausibly allege: (1) that after he notified a CRA of a dispute; (2) the CRA notified defendant, furnisher of the information of the dispute; and (3) after notification, defendant failed to adequately investigate). Plaintiffs also fail to demonstrate they adequately exhausted their administrative remedies with each named federal agency, failing to state a claim under the Federal Tort Claims Act. *See Whayne v. U.S. Dept. of Educ.*, 915 F. Supp. 1143, 1146 (D. Kan. 1996) ("The Federal Tort Claims Act, 28 U.S.C. § 2675(a), provides that '[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ..., unless the claimant shall have first presented the claim to the appropriate Federal agency.'"); ECF No. 186. Further, any claims based in fraud must be plead with particularity under Fed. R. Civ. P. 9(b) and, without sufficient detail, Plaintiffs proposed amendment fails this pleading standard. *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1045 (D. Kan. 2018) (citing *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)) ("a complaint alleging fraud [must] 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof'").

[25] ECF No. 182-1 at 3; *U.S. v. Cordry*, No. 18-20033-01-DDC, 2020 WL 409732, at *2 (D. Kan. Jan. 24, 2020) (a five-year statute of limitations applies to mail and wire fraud charges under 18 U.S.C. §§ 1341); *Lowe v. Surpas Resource Corp.*, 253 F. Supp. 2d 1209, 1254 (D. Kan. 2003) (applying a two-year limitation period to FCRA claim) (citing 15 U.S.C. § 1681(p)). If no tort claim is filed with the agency within two years of its accrual, the Court has no subject matter jurisdiction under the Federal Tort Claims Act. *See Logan v. U.S.*, 272 F. Supp. 2d 1182, 1186 (D. Kan. 2003). And any other tort claims Plaintiffs bring arising in Kansas are subject to a two-year statute of limitations. K.S.A. 60–513.

amendments actually clarify the parties involved in the case or the dates of their proposed violations of Plaintiffs' rights, the Amended Complaint is futile. Also, since none of the proposed Defendants Plaintiffs seek to add or "clarify" with this iteration of amendment would fare any better against a Motion to Dismiss for failure to state a claim, the proposed amendments to add and amend parties in this action are also futile. Thus, it is **RECOMMENDED** Plaintiffs' Motion for Leave to Amend **(ECF Nos. 182 and 184)** be **DENIED** in its entirety.

### a) Motion for Rule 11 Sanctions (ECF No. 182)

Plaintiffs also tuck in their final request for relief within the Motion for Leave to Amend, a request for Rule 11 sanctions against Defendants' counsel Christopher Allman, Andrew Alexander DeMasi, and Kathryn T. Alsobrook.[26] Plaintiffs contend they request sanctions for "bad-faith filings" on the part of Defendants.[27] Defendants oppose the motion as baseless and for failure to abide by the procedures outlined in Fed. R. Civ. P. 11(c).[28]

Fed. R. Civ. P. 11(c) governs motions for sanctions for violation of Rule 11(b). Fed. R. Civ. P. 11(c)(2) imposes certain requirements on motions for sanctions. They "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)" and "must be served under Rule 5."[29] "[T]he plain language of subsection (c)(1)(A) requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing

---

[26] ECF No. 182-1 at 8.
[27] ECF No. 182-1 at 8.
[28] ECF No. 186 at 14-15.
[29] Fed. R. Civ. P. 11(c)(2).

of that motion."[30] This "safe harbor" provision was added to Rule 11 in the 1993 amendment and is discussed by the Advisory Committee's Notes to the amendment.

> The rule provides that requests for sanctions must be made as a separate motion, *i.e.,* not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.
>
> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion.[31]

Plaintiffs' conclusory allegation of "bad faith" filings fail to describe any conduct providing a basis for consideration of Rule 11 sanctions.[32] But so far as any basis would exist, Plaintiffs are expected to follow the Federal Rules.[33] And where they placed their request for Rule 11 sanctions as an additional prayer for relief in a Motion for Leave to Amend they have violated the "safe harbor" provision of Rule 11, and the obscured Motion for Sanctions is **DENIED** for failure to abide by the applicable provision.[34]

---

[30] *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).
[31] Fed. R. Civ. P. 11, advisory committee notes, 1993 Amendments.
[32] Fed. R. Civ. P. 11(c).
[33] *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir.2009) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).
[34] Fed. R. Civ. P. 11(c)(2).

**IV.    Motion to Stike (ECF No. 220)**

Contained within Defendant Bank of America's objection to Plaintiff's request to file a second amended complaint (ECF No. 220) is a Motion to Strike pursuant to Rule 11(a) of the Federal Rules of Civil Procedure. The basis of Bank of America's request is "the court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."[35] And Plaintiffs do admit a Rule 11(a) violation in their Response where Plaintiff, Mary Smithe, contends she is signing the pleading on behalf of Timothy Joseph Smithe while he is away for work.[36] While Bank of America's Reply again encourages the Court to strike the improper pleading per the rule with the admitted violation,[37] the Court, in its' discretion, and because this violation is curable without any prejudices to Bank of America, declines to strike a fully briefed motion, in this instance, on such a minute technicality rather than on the merits.

That said, and to be clear, while it is true pro se litigants are expected to follow the same rules of procedure governing other litigants,[38] the Court may "make some allowances for 'the pro se plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements.'"[39] Also, this Court generally disfavors motions to strike.[40] Where

---

[35] Fed R. Civ. P. 11(a).
[36] ECF No. 235 at 1.
[37] ECF. 236 at 4.
[38] *Witteman*, 584 F.3d at 864 (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).
[39] *Garrett*, 425 F.3d at 840 (quoting *Bellmon*, 935 F.2d at 1110).
[40] *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 08-1330-EFM, 2016 WL 2344561, at *1 (D. Kan. May 4, 2016).

the Tenth Circuit has expressed the preference for courts to decide cases on their merits, and not on technical grounds, the Court declines to strike Plaintiffs' fully briefed motion per Fed. R. Civ. P. 11(a) in preference for recommending denial of the motion on the merits of Fed. R. Civ. P. 15 and Fed. R. Civ. P. 12(b).[41] Therefore, Defendant's Motion to Strike **(ECF No. 220)** is **DENIED**.

V.      Conclusion

**IT IS RECOMMENDED.** Plaintiffs' Motion for Leave to Amend **(ECF Nos. 182 and 184)** be **DENIED** as futile per Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**IT IS SO ORDERED.** Any Motion for Sanctions in **(ECF No. 182)** is **DENIED** per Fed. R. Civ. P. 11(c)(2).

**IT IS FURTHER ORDERED.** Defendant Bank of America's Motion to Strike **(ECF No. 220) is DENIED.**

**IT IS FURTHER ORDERED.** Defendant Citibank, N.A.'s Motion to Join JPMorgan Chase Bank's Reply **(ECF No. 297)** is **GRANTED** as unopposed.

**IT IS FURTHER ORDERED.** Additional motions filed ahead of the District Judge's ruling on the pending Motions to Dismiss will be summarily denied as premature per Fed. R. Civ. P. 1.

---

[41] *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004) (requiring courts to "interpret procedural rules in favor of 'deciding cases on the merits as opposed to dismissing them because of minor technical defects'" and noting that "these principles run deep") (quoting *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 848 (10th Cir. 1997)).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of November 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
