IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TIMOTHY JOSEPH SMITH and MARY ASTOR SMITHE**,

Plaintiffs,

v.

**DIRECTOR OF ILLINOIS DEPARTMENT OF PUBLIC HEALTH, et al.**,

Defendants.

Case No. 25-1072-DDC-GEB

## MEMORANDUM AND ORDER

Pro se[1] plaintiffs Timothy Joseph Smithe and Mary Astor Smithe have sued a laundry list of defendants. Their Amended Complaint (Doc. 219)—a filing interspersed with biblical references—is difficult to follow. But generally speaking, plaintiffs allege a sweeping conspiracy to steal their identities and extract forced labor. Despite the farfetched nature of plaintiffs' claims, this case's docket has rocketed to more than 300 filings. Enough. This Order dismisses plaintiffs' claims, denies leave to amend, and directs the Clerk to close the case. It also rules the remaining pending motions in this case.

---

[1] Plaintiffs proceed pro se. The court construes their filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

## I.     Background

The Amended Complaint[2] alleges that a huge group of defendants—including federal and state agencies and an array of corporations—coordinated a decades-long scheme to steal plaintiffs' money and labor. Doc. 219 at 4. Portions of the Amended Complaint are incomprehensible. For instance, plaintiffs allege that defendants used their Social Security Numbers "to create 'twin' synthetic identities, opening accounts like BIA Individual Indian Money (IIM) and BFS accounts, reaping profits not sown (Luke 19:21), hoarding for themselves unjust gains, while we paid." *Id.* Plaintiffs also assert claims based on identity theft and fraud. *Id.* at 5. They seek $2 billion and injunctive relief. *Id.* at 4–6.

Many of the defendants filed Motions to Dismiss. Doc. 246; Doc. 251; Doc. 255; Doc. 257; Doc. 259; Doc. 264; Doc. 266; Doc. 268; Doc. 269; Doc. 271; Doc. 272; Doc. 273; Doc. 274. With the exception of one of these filings, these motions all ask the court to dismiss the Amended Complaint under Rule 12(b)(1).[3] The court outlines the legal standard governing these motions, next.

---

[2]     The Amended Complaint (Doc. 219) is the operative pleading. Without right or leave, plaintiffs filed a Second Amended Complaint (Doc. 330). A group of defendants filed a Motion to Strike (Doc. 336), asking the court to strike this filing. The court grants this motion and directs the Clerk to strike this filing (Doc. 330) because plaintiffs never secured leave of court. *See Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2017 WL 2264357, at *2 (D. Kan. May 24, 2017) (compiling cases and explaining that our "court routinely strikes amended pleadings that parties have filed without first seeking and procuring the requisite leave of court"). And as the court explains, below, the court adopts Magistrate Judge Gwynne E. Birzer's Report and Recommendation (Doc. 311) and denies plaintiffs' various filings requesting leave to amend. *See* Doc. 182; Doc. 184; Doc. 325.

[3]     Plaintiffs incorrectly named "Discover Financial" as a defendant instead of "Discover Bank." Doc. 273 at 1. And since plaintiffs filed their suit, Discover Bank has merged with Capitol One, N.A., who already is a defendant in this suit. *Id.* at 1 n.1. Capitol One, N.A. is the surviving entity. *Id.* To rectify this misalignment and reflect the party plaintiffs intended to sue, the court directs the Clerk to change the defendant listed as "Discover Financial" to "Discover Bank." And because Discover Bank is an entity that no longer exists, the court directs the Clerk to terminate it as a defendant. Likewise, the court directs the Clerk to list defendant Capitol One, N.A. as the party filing Doc. 273.

**II.       12(b)(1) Legal Standard**

Under Rule 12(b)(1), a defendant may move the court to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and, as such, [they] must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (presuming "no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

**III.      12(b)(1) Analysis**

Plaintiffs have failed to carry their burden to demonstrate a basis for federal jurisdiction. Two federal statutes confer subject matter jurisdiction on federal district courts: federal-question jurisdiction in 28 U.S.C. § 1331, and diversity jurisdiction in 28 U.S.C. § 1332. Under federal-question jurisdiction, a plaintiff must assert a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To invoke diversity jurisdiction, a plaintiff must show the amount in controversy exceeds $75,000, and that complete diversity of citizenship exists between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). Here, jurisdiction isn't proper under either statute.

---

As the successor to Discover Bank, Capitol One, N.A. filed a Motion to Dismiss (Doc. 273), asking the court to dismiss the Second Amended Complaint under Rule 12(b)(6). The court needn't reach this motion (or decide whether it's procedurally proper for Capitol One, N.A. to file multiple Motions to Dismiss in this unique scenario) because the court concludes it lacks jurisdiction. It thus denies Capitol One, N.A.'s Motion to Dismiss (Doc. 273) as moot.

3

Start with diversity. The parties here aren't diverse. Plaintiffs sue several agencies of the United States. Doc. 219 at 3. But the "United States is not a citizen for diversity purposes, and federal agencies and administrators cannot be sued in diversity." *Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670, at *1 (10th Cir. May 1, 2024) (compiling cases). Likewise, plaintiffs sue state agencies. Doc. 219 at 2. These agencies aren't diverse, either. *See New Mexico ex rel. Nat'l Educ. Ass'n of N.M., Inc. v. Aus. Cap. Mgmt.*, 671 F. Supp. 2d 1248, 1250 (D.N.M. 2009) (compiling cases for the proposition that "it is settled law that neither a state nor an arm of a state is a 'citizen' of any state, for purposes of the diversity-jurisdiction statute"); *Watson v. Kan. Emp. Sec. Bd. of Rev.*, No. 22-2438-JWB, 2022 WL 16742500, at *1 (D. Kan. Nov. 7, 2022) ("A state agency cannot be sued in diversity."). The court thus lacks diversity jurisdiction over this action.

Now, consider federal-question jurisdiction. This jurisdictional basis falters, too. As an initial matter, the Amended Complaint fails to identify any federal cause of action. *See generally* Doc. 219. That's a problem. As our Circuit has explained, under "28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). This means that the "complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* But here the Amended Complaint does no such thing. Although the Amended Complaint has a section titled "Jurisdiction and Venue," it merely cites two Kansas state statutes about venue and advances no arguable basis for federal jurisdiction. Doc. 219 at 4. Because the Amended Complaint advances no federal cause of action, the court can't exercise jurisdiction under § 1331 either.

Undeterred, plaintiffs assert that they've properly invoked federal-question jurisdiction. *E.g.*, Doc. 262 at 3. Plaintiffs assert that their "claims involve federal questions of fraud, identity theft, and usury related to SSN issuance[.]" *Id.* (first citing 18 U.S.C. § 1341; and then citing 42 U.S.C. § 408). They're wrong. Section 1341 in Title 18 is a criminal statute. It doesn't create a federal, private cause of action under which plaintiffs may sue. Indeed, "there is no federal law providing a private cause of action for identity theft, fraud, or unjust enrichment." *Phillips v. Perkins*, No. 25-cv-00034, 2025 WL 509919, at *1 (D. Utah Jan. 28, 2025) (collecting cases); *see also Yoakum v. Zmuda*, No. 21-3017-SAC, 2021 WL 1990020, at *2 (D. Kan. May 5, 2021) ("To the extent Plaintiff is alleging fraud, it is a state law claim that must be brought in state court."). Neither does 42 U.S.C. § 408 confer a private cause of action. *E.g.*, *Micheaux v. Am. Credit Acceptance*, No. 24-1102-DDC-BGS, 2024 WL 5262917, at *7 (D. Kan. Dec. 31, 2024). Plaintiffs haven't alleged any cause of action arising under federal law. So the court can't exercise federal-question jurisdiction

In case any doubt persisted about this conclusion, one final point seals the deal. Plaintiffs' claims are "wholly insubstantial" and "absolutely devoid of merit" to the point that the court couldn't exercise jurisdiction over them—even if plaintiffs had identified a federal cause of action. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). The Supreme "Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Id.* (quotation cleaned up); *see also Ortiz v. Sidley-Mackie*, No. 25-1312, 2025 WL 3229269, at *1 (10th Cir. Nov. 19, 2025) (explaining that "if the federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as

not to involve a federal controversy,' that claim does not confer jurisdiction" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998))).

Plaintiffs' allegations easily fit in this bucket. They allege that a sweeping group of defendants—including state agencies, federal agencies, and private corporations—have orchestrated a decades-long plot to steal plaintiffs' identities and "bind[] Plaintiffs to worldly systems in violation of Christ's property and God's provisions." Doc. 219 at 2. These allegations are unbelievable and implausible. Binding precedent requires the court to dismiss this sort of "wholly insubstantial" pleading. *E.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006); *Steel Co.*, 523 U.S. at 89 (explaining that federal claims that are "so insubstantial" and "implausible" can't generate federal jurisdiction).

In short, the court lacks subject matter jurisdiction. The parties aren't diverse; the Complaint doesn't allege any federal claims; and the allegations are devoid of merit. So, the court grants defendants' Rule 12(b)(1) Motions to Dismiss. Doc. 246; Doc. 251; Doc. 255; Doc. 257; Doc. 259; Doc. 264; Doc. 266; Doc. 268; Doc. 269; Doc. 271; Doc. 272; Doc. 274.[4]

The court takes up Magistrate Judge Birzer's Recommendation and Report (Doc. 311), next.

## IV.    Recommendation and Report

Magistrate Judge Birzer issued a Recommendation and Report (Doc. 311), recommending that the court deny plaintiffs' various requests for leave to amend. Plaintiffs timely objected. Doc. 314. So, the court conducts a de novo review of the portions of Magistrate Judge Birzer's disposition that plaintiffs have objected to. *See* Fed. R. Civ. P.

---

[4] These dismissals are without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

72(b)(3).[5]  The court starts by explaining the law governing motions to amend and then outlines the Report and Recommendation and plaintiffs' objections.

Rule 15(a) gives a party the right to amend its pleadings in one of two ways:  (1) as a matter of course within 21 days after serving it, or (2) within 21 days of service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(A), (B).  Outside those periods of time, any amendment to the pleadings requires the court's leave, and a court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A court should refuse to grant leave to amend only "'upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies . . . , or futility of amendment.'"  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).  The decision whether to grant leave to amend is within a district court's sound discretion.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Magistrate Judge Birzer recommended that the court deny plaintiffs' leave to amend because, as she explained, "the Amended Complaint is futile."  Doc. 311 at 10.  She concluded that plaintiffs' proposed Second Amended Complaint presented claims "based on a fantastical conspiracy theory" that couldn't support federal jurisdiction.  *Id.* at 8.  And alternatively, she

---

[5]   It's not altogether clear whether an order denying leave to amend is a dispositive ruling, subject to de novo review.  *See Williams v. United Health Grp.*, No. 18-cv-02096-HLT-JPO, 2018 WL 4681637, at *2 n.4 (D. Kan. Sept. 28, 2018) (explaining that the District of Kansas hasn't treated this issue with consistency).  But the weight of authority from our court suggests that courts should treat such a denial as dispositive.  *E.g.*, *Ngiendo v. Univ. Partners, LLC*, No. 20-cv-02393-HLT-TJJ, 2022 WL 888132, at *4 (D. Kan. Mar. 25, 2022) ("This Court considers denials of leave to amend dispositive."); *Helmstetter v. JPMorgan Chase Bank, N.A.*, No. 19-cv-2532-KHV-TJJ, 2020 WL 8082398, at *2 n.4 (D. Kan. Nov. 16, 2020) (compiling cases for the proposition that when "the Court denies a motion to amend based on futility, it can be construed as a dispositive action").  The court needn't decide this issue definitively because the court adopts Magistrate Judge Birzer's Report and Recommendation after reviewing it de novo.

found plaintiffs' claims too implausible to state a cognizable claim. *Id.* at 9–10. Plaintiffs objected in cursory fashion. *See* Doc. 314. Here's the only relevant portion of their objection:

> The R&R incorrectly concludes the SAC fails under Rules 12(b)(1) and 12(b)(6). The SAC states plausible § 1983 claims for Fourteenth Amendment procedural due process violations and viable RFRA claims arising from state officials' refusal to process statutory hearing requests, thereby perpetuating the harms of fiduciary fraud and synthetic identity imposition.

Doc. 314 at 2.

As an initial matter, plaintiffs have a massive procedural problem: Their cursory objection has waived review of Judge Birzer's bottom-line conclusion. Plaintiffs' objection is far too general. It fails to highlight any "specific" error in Magistrate Judge Birzer's order. Fed. R. Civ. P. 72(b)(2). Such a "general objection" waives appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (explaining that litigant's "conclusory," "generalized objection" was "insufficient to preserve appellate review"). At best, plaintiffs' objection preserves review of the Second Amended Complaint's due-process and Religious Freedom Restoration Act of 1993. But the problem is that plaintiffs' proposed Second Amended Complaint doesn't allege either one of these claims. *See generally* Doc. 182-1.[6]

---

[6] The court is cognizant that a complaint needn't "set out a legal theory for the plaintiff's claim for relief." 5 *Wright & Miller's Federal Practice & Procedure* § 1219 (4th ed. 2025) (cited approvingly in *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014)). But even when liberally construed, plaintiffs haven't alleged a colorable due-process or RFRA claim. A RFRA claim requires a plaintiff to allege "(1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion." *Hale v. Fed. Bureau of Prisons*, 759 F. App'x 741, 746 (10th Cir. 2019) (quotation cleaned up). Though plaintiffs have laced the Second Amended Complaint with citations to Bible verses, they haven't alleged that any federal actor burdened their sincere exercise of religion. *See generally* Doc. 182-1. Nor have plaintiffs alleged a colorable procedural-due-process claim. Their assertion that "[f]ederal defendants . . . facilitated $8 million in tax theft through unlawful levies[,]" Doc. 182-1 at 7, is the sort of "wholly insubstantial" allegation that is too conclusory to state a colorable federal claim. Thus, the court overrules plaintiffs' objection to the extent that it asserts that they have asserted colorable federal claims sufficiently to confer jurisdiction on the court. Regardless, as the court discusses, below, plaintiffs have failed to object to Magistrate Judge Birzer's conclusion that the proposed Second Amended Complaint is

8

Significantly, plaintiffs failed to object to Magistrate Judge Birzer's jurisdictional analysis and conclusion. Judge Birzer explained that the Second Amended Complaint is "based on a fantastical conspiracy theory" and factual allegations that "are grossly implausible, such that they fail to raise a claim with a federal case and controversy[.]" Doc. 311 at 8. Plaintiffs' failure to object to this conclusion waives any review of it. *See One Parcel of Real Prop.*, 73 F.3d at 1060. Because this uncontested conclusion independently demonstrates the futility of the plaintiffs' amendment, the court overrules their objection and adopts Magistrate Judge Birzer's Report and Recommendation (Doc. 311). But even without this procedural hurdle, the court still would overrule plaintiffs' objections.

Reviewing the proposed Second Amended Complaint de novo, the court concludes that amendment is futile. The court lacks jurisdiction over plaintiffs' proposed pleading for the same reason as the Amended Complaint. As the court explained above, the court lacks diversity jurisdiction because the Second Amended Complaint sues agencies of the United States, *see* Doc. 182-1 at 4–5, which destroy diversity. And the court lacks federal-question jurisdiction, too. Although the Second Amended Complaint—unlike the Amended Complaint—cites some federal laws, *see* Doc. 182-1 at 7–8, it again is based on factual allegations that are "wholly insubstantial," *Hagans*, 415 U.S. at 536–37, and "implausible," *Steel Co.*, 523 U.S. at 89. Plaintiffs again allege that a massive group of defendants conspired over a 60-year span to steal millions of dollars from them through "tax theft[,]" "loan fraud[,]" and "fraudulent liens[.]" Doc. 182-1 at 3. These allegations are "so insubstantial" and "implausible" that they cannot "confer jurisdiction." *Ortiz*, 2025 WL 3229269, at *1 (quotation cleaned up). So, amendment is futile because the court lacks jurisdiction over the proposed Second Amended Complaint.

---

subject to dismissal for failure of jurisdiction because it's "based on a fantastical conspiracy theory" that alleges "grossly implausible" facts. Doc. 311 at 8.

9

The court thus overrules plaintiffs' objection. It fails procedurally and substantively. The court accepts, adopts, and affirms Magistrate Judge Birzer's Report and Recommendation (Doc. 311). And the court thus denies plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 182) and plaintiffs' Supplemental Motion to Clarify (Doc. 184).

## V.      Docket Clean-Up

After these rulings, a few motions remain pending on the docket. The court addresses them here.

Defendant Bank of America had filed a Motion for Joinder (Doc. 150) asking to join two Motions to Dismiss filed by other defendants. The court already has denied as moot the motions Bank of America's motion aspires to join, so the court now denies Bank of America's Motion for Joinder (Doc. 150) as moot, too.

Plaintiffs filed two Motions for Issuance of Summonses (Doc. 166; Doc. 181). In light of the court's dismissal of the operative pleading, these motions are moot. And the court denies them on that basis.

Plaintiffs have filed yet another Motion to Clarify (Doc. 325). This motion asks "for leave to clarify the Second Amended Complaint" by filing a new version of the filing, which expressly asserts a Religious Freedom Restoration Act Claim and § 1983 due-process claim. Doc. 325 at 1. The court denies this motion. This new version of the complaint suffers from the same infirmities as the Amended Complaint and the proposed Second Amended Complaint. *See* Doc. 325-1. It still alleges wholly implausible federal claims based on a decades-long, fantastical conspiracy. So amendment is futile because the court still would lack jurisdiction.[7]

---

[7] Magistrate Judge Birzer also warned plaintiffs that the court would deny summarily as premature any additional motions plaintiffs filed before the court decided the pending Motions to Dismiss. *See* Doc. 311 at 13. Plaintiffs' refusal to heed this warning furnishes an alternative basis to deny plaintiffs' motion.

10

Finally, defendant Old National Bank filed a response to plaintiffs' motion, asking the court to enter an order denying plaintiffs' Motion to Clarify. Doc. 333 at 2. The Clerk docketed this filing as a motion. But it's actually a response brief. The court thus directs the Clerk to re-docket Doc. 333 to show it as a response to Doc. 325, not a standalone motion.

### VI.     Conclusion

The court lacks jurisdiction over the Amended Complaint (Doc. 219). So, the court dismisses it and directs the Clerk to enter Judgment consistent with this Order and close this case. And plaintiffs' attempts to amend their pleading are futile, so the court adopts Judge Birzer's Recommendation and Report and denies leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Bank of America's Motion for Joinder (Doc. 150) is denied.

**IT IS FURTHER ORDERED THAT** plaintiffs Timothy Joseph Smithe and Mary Astor Smithe's Motion for Issuance of Summonses (Doc. 166) is denied.

**IT IS FURTHER ORDERED THAT** plaintiffs' Supplemental Motion for Issuance of Summonses (Doc. 181) is denied.

**IT IS FURTHER ORDERED THAT** plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 182) is denied.

**IT IS FURTHER ORDERED THAT** plaintiffs' Supplemental Motion to Calirfy Handwritten Motion for Leave to File Second Amended Complaint (Doc. 184) is denied.

**IT IS FURTHER ORDERED THAT** defendants Bureau of Fiscal Service, Bureau of Indian Affairs, Department of Homeland Security, Department of Education, Department of Health and Human Services, Internal Revenue Service, Social Security Administration, the United Sates Attorney for the District of Kansas, and the United State Postal Service's Motion to Dismiss (Doc. 246) is granted.

**IT IS FURTHER ORDERED THAT** defendant H&R Block's Motion to Dismiss (Doc. 251) is granted.

**IT IS FURTHER ORDERED THAT** defendant Capitol One's Renewed Motion to Dismiss (Doc. 255) is granted.

**IT IS FURTHER ORDERED THAT** defendant Ocwen Financial Corp.'s Motion to Dismiss (Doc. 257) is granted.

**IT IS FURTHER ORDERED THAT** defendant First Midwest Bank's Motion to Dismiss (Doc. 259) is granted.

**IT IS FURTHER ORDERED THAT** defendant Fidelity Investments' Motion to Dismiss (Doc. 264) is granted.

**IT IS FURTHER ORDERED THAT** defendant Wintrust Financial Corp.'s Motion to Dismiss (Doc. 266) is granted.

**IT IS FURTHER ORDERED THAT** defendant Bank of America's Motion to Dismiss (Doc. 268) is granted.

**IT IS FURTHER ORDERED THAT** defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Doc. 269) is granted.

**IT IS FURTHER ORDERED THAT** defendant TriState Capital Bank's Motion to Dismiss (Doc. 271) is granted.

**IT IS FURTHER ORDERED THAT** defendants CitiMortgage, Inc. and CitiBank, N.A.'s Motion to Dismiss (Doc. 272) is granted.

**IT IS FURTHER ORDERED THAT** the Clerk change the defendant listed as "Discover Financial" to "Discover Bank." The court further directs the Clerk to terminate

Discover Bank as a defendant. And the court directs the Clerk to list defendant Capitol One, N.A. as the party filing Doc. 273.

**IT IS FURTHER ORDERED THAT** defendant Capitol One, N.A.'s Motion to Dismiss (Doc. 273) is denied.

**IT IS FURTHER ORDERED THAT** defendant Wells Fargo's Motion to Dismiss (Doc. 274) is granted.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Gwynne E. Birzer on November 14, 2025 (Doc. 311) is **ACCEPTED, ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiffs' Motion to Clarify (Doc. 325) is denied.

**IT IS FURTHER ORDERED THAT** the Clerk re-docket Doc. 333 as a response to Doc. 325, not as a standalone motion.

**IT IS FURTHER ORDERED THAT** defendants Bureau of Fiscal Service, Bureau of Indian Affairs, Department of Homeland Security, Department of Education, Department of Health and Human Services, Internal Revenue Service, Social Security Administration, the United Sates Attorney for the District of Kansas, and the United State Postal Service's Motion to Strike (Doc. 336) is granted. The court directs the Clerk to strike Doc. 330.

**IT IS SO ORDERED.**

**Dated this 20th day of January, 2025, at Kansas City, Kansas.**

                                           **s/ Daniel D. Crabtree**
                                           **Daniel D. Crabtree**
                                           **United States District Judge**