IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TIMOTHY JOSEPH SMITHE and MARY ASTOR SMITHE,**

           **Plaintiffs**,

v.

**DIRECTOR OF ILLINOIS DEPARTMENT OF PUBLIC HEALTH, et al.,**

           **Defendants.**

Case No. 25-1072-DDC-GEB

## MEMORANDUM AND ORDER

The court has dismissed all claims in this case and entered judgment. Pro se plaintiffs Timothy Joseph Smithe and Mary Astor Smithe then filed a Notice of Appeal (Doc. 357). Though this case is closed and plaintiffs have appealed, they have filed three more motions. One is their Motion for Leave to Appeal in Forma Pauperis (Doc. 358). A second is their Motion for Service by Publication and Motion for Sanctions (Doc. 361). Their third motion is a Motion for Leave to File Third Amended Complaint (Doc. 362). The court begins with a brief discussion of jurisdiction. It then considers the motions in the case over which it has jurisdiction. And it concludes with a warning to plaintiffs about potential filing restrictions.

### I.     Jurisdiction

The court starts with jurisdiction. Plaintiffs filed a Notice of Appeal. Doc. 357. That filing is jurisdictionally significant because it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Battles*, 745 F.3d 436, 448 (10th Cir. 2014) (quotation cleaned up). But "an

effective notice of appeal does not prohibit all later action in the case by the district court." *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). For instance, district "courts may act in aid of the court of appeals' exercise of its jurisdiction" and "may address matters that are not comprehended within the appeal[.]" *Id.* at 1226–27 (quotation cleaned up).

Here, the court lacks jurisdiction to decide plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. 362) and the portion of their Motion for Service by Publication and Motion for Sanctions (Doc. 361) that asks for service-related relief. Plaintiffs' Notice of Appeal challenges the court's Memorandum and Order (Doc. 346), Judgment (Doc. 347), and Order (Doc. 355). "An appeal from a judgment that determines the whole action accomplishes the broadest ouster of district court jurisdiction." 16A *Wright & Miller's Federal Practice & Procedure* § 3949.1 (5th ed. 2025). In its Memorandum and Order, the court concluded that it lacked subject matter jurisdiction and dismissed plaintiffs' claims. Doc. 346-1 at 6. The court also denied plaintiffs' request for leave to amend, explaining that "amendment is futile" in light of this case's jurisdictional defects. *Id.* at 9–10.

Deciding plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. 362) would require the court to consider similar issues to ones it already decided in its Memorandum and Order—*i.e.*, whether any amendment is futile and whether the court has subject matter jurisdiction over the third amended complaint. Thus, their motion involves "aspects of the case involved in the appeal." *Battles*, 745 F.3d at 448 (quotation cleaned up). The court thus lacks jurisdiction to decide this motion, and the court dismisses it on that basis.

Similarly, plaintiffs' Motion for Service by Publication and Motion for Sanctions (Doc. 361) involves issues now on appeal to the Circuit. Plaintiffs ask the court to (1) approve service by publication; (2) extend service deadlines; and (3) approve prior certified mail "as imputed

service[.]" *Id.* at 1. All these requests assume that the court has subject matter jurisdiction such that this case belongs in federal court. But the court concluded just the opposite. And that issue now is squarely before the Tenth Circuit. So, plaintiffs' motion for service-related relief involves an aspect of this case that is involved in the appeal. *See Battles*, 745 F.3d at 448. This court thus lacks jurisdiction and dismisses the portion of plaintiffs' Motion for Service by Publication and Motion for Sanctions (Doc. 361) that asks for service-related relief.

On the other hand, the court retains jurisdiction to decide plaintiffs' request to proceed in forma pauperis on appeal. Plaintiffs' appeal doesn't implicate that issue, and the Federal Rules of Appellate Procedure clearly envision that the district court will decide this kind of motion. *See* Fed. R. App. P. 24(a)(1), (2) (explaining that litigants must file motion to proceed IFP on appeal in district court and that if "the district court denies the motion, it must state its reasons in writing"). So, the court properly may decide plaintiffs' Motion for Leave to Appeal in Forma Pauperis (Doc. 358). Likewise, plaintiffs' request for sanctions under Rule 37 asks the court to rule on a matter that is "not comprehended within the appeal[.]" *Madrid*, 633 F.3d at 1226–27 (quotation cleaned up). The court thus retains jurisdiction to decide that portion of plaintiffs' Motion for Service by Publication and Motion for Sanctions (Doc. 361).

II.     **Motion to Proceed IFP (Doc. 358)**

Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit a plaintiff to appeal without prepayment of fees—*i.e.*, to proceed in forma pauperis—if the plaintiff satisfies certain conditions. Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." To appeal in forma pauperis, plaintiff must "demonstrate [1] a financial inability to pay the required filing fees and [2] the existence of a reasoned, nonfrivolous argument on the law and

facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotation cleaned up).

Plaintiffs here decidedly fail the second prong. They haven't demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Id.* Their motion includes the following on their grounds for appeal:

> 2. **Good Faith Appeal**: Sincere RFRA faith claim (declaration + ordination Ex. B) + preserved issues (Dec 11 extension ignored, relation-back misapplied) — not frivolous (pro se leniency, *Haines v. Kerner*).

Doc. 358 at 2. The court can make neither heads nor tails of this language. The court notes that plaintiffs also included another section touching on the frivolity of their appeal in their financial affidavit. This section, though slightly longer, also is difficult to decipher:

> This appeal is filed in good faith and is not frivolous. We preserve meritorious issues:
>
> - **Judge Crabtree's denial (Doc. 355, Jan. 26, 2026)** ignored filed service affidavits (Dec. 18, 2025 certified mail with green cards) and Judge Birzer's Dec. 11, 2025 extension finding good cause (Dkt. 328, 90-day extension granted)
> - **RFRA sincerity** proven via ordination certificate and Supplemental Declaration (Nov. 22, 2025) alleging substantial burden from non-consensual administrative personhood creation
> - **Relation-back** under FRCP 15(c) for §1983/14th Amendment procedural due process claims arising from same SSN fraud conduct alleged in original complaint (Doc. 1, filed April 21, 2025)
>
> Pro se leniency applies (*Haines v. Kerner*, 404 U.S. 519 (1972)). We are entitled to redress.

Doc. 358-1 at 3.

Plaintiffs have failed to identify a nonfrivolous argument for appeal. Specifically, plaintiffs haven't explained—or even tried to explain—why the court was wrong when it

4

concluded that it lacks subject matter jurisdiction over their dispute. "An appeal is frivolous if it 'lacks an arguable basis in either law or fact.'" *Webb v. Jones*, 525 F. App'x 773, 778 (10th Cir. 2013) (quoting *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002)). Plaintiffs haven't advanced "an arguable basis" for concluding that the court's subject-matter-jurisdiction conclusion was wrong. *Id.* So, the court concludes, they haven't demonstrated that a nonfrivolous argument exists for them to pursue on appeal. *See Watkins*, 543 F.3d at 627. The court thus denies their Motion for Leave to Appeal in Forma Pauperis (Doc. 358).

### III.     Motion for Sanctions (Doc. 358)

The court summarily denies plaintiffs' request for sanctions. *See* Doc. 361 at 1. Plaintiffs' briefing—even for them—is perfunctory. They haven't advanced a complete sentence—let alone a complete argument—explaining why they deserve sanctions. *See id.*; Doc. 362-1. The court reiterates its previous warning: the court "may deny future motions filed in this case summarily." Doc. 351.

### IV.     Filing Restrictions

This case is closed, plaintiffs have appealed, and this court lacks jurisdiction, yet plaintiffs continue to file in it. Enough. "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quotation cleaned up). Filing restrictions "are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

The court warns plaintiffs that it may impose filing restrictions if they continue to file frivolous motions in this closed action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. 362) is dismissed.

**IT IS FURTHER ORDERED THAT** plaintiffs' Motion for Service by Publication and Motion for Sanctions (Doc. 361) is dismissed in part and denied in part.

**IT IS FURTHER ORDERED THAT** plaintiffs' Motion for Leave to Appeal in Forma Pauperis (Doc. 358) is denied.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2026, at Kansas City, Kansas.

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**